64  127
67  417

64  127
70  579

THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY v. ISAAC DAVIS.

**No. 12,456.**   (67 Pac. 441.)

SYLLABUS BY THE COURT.

1. SPECIAL FINDINGS—*Conflict with Evidence—Duty of Trial Court.*   When a special finding upon a material matter in issue is submitted to a jury for determination, the party submitting such special question is entitled to an answer in harmony with the evidence in the case, and where the answer of the jury thereto is in direct opposition to the evidence, or is unsupported by any evidence, it is the duty of the court to set aside the verdict and award a new trial to another jury.

2. PRACTICE, SUPREME COURT—*Sufficient Record.*   Record examined, and held, the challenge made to its sufficiency to authorize a review of errors assigned not sustained.

Error from Osage district court; WILLIAM THOMSON, judge.   Opinion filed January 11, 1902.   Reversed.

*A. A. Hurd,* and *O. J. Wood,* for plaintiff in error.

*L. T. Wilson,* and *Pleasant & Pleasant,* for defendant in error

The opinion of the court was delivered by

POLLOCK, J.: This action was brought by Isaac Davis against the Atchison, Topeka & Santa Fe Railway Company to recover damages for personal injury alleged to have been sustained on account of negligence of defendant. The facts upon which the plaintiff bases his right of recovery are:

On the 17th day of March, 1898, plaintiff was, and had been for years, a section foreman on defendant's line of road. On this day, with others, he was engaged in picking up old steel rails scattered along the line and loading the same upon flat cars in a train composed of an engine, several cars and a caboose, in charge of the usual train crew, all working under the direct supervision and direction of one Leatherbury, the roadmaster. These rails were thirty feet in length, weighed about 600 pounds, and it required about a minute to load each rail. As fast as one rail was loaded, upon signal from the roadmaster the train would be moved forward about thirty feet, until the car being loaded was opposite another rail; eight men, four at each end of a rail, would pick it up, place one end upon the car, where men at work on the car would take hold, and by the joint effort of the men on the car and those holding the other end on the ground, the rail would be moved into place. At the time of the injury alleged, the eight men, including plaintiff, picked up a rail, plaintiff being at the east end, and about ten feet of the west end was placed upon the car. The men at the west end had let go and started to the next rail, when suddenly, upon signal from the roadmaster, and without notice to the plaintiff, the train was started with a jerk and moved up toward the next rail to be loaded. Plaintiff and

others with him carried the end of the rail until the car stopped, and the rail was then loaded as usual. It is claimed by plaintiff that. owing to the starting of the train, the jerk occasioned thereby, and being compelled to carry the great weight until the car was stopped and the rail loaded, his left wrist was strained and injured, causing him permanent injury   It also appears from the record that while plaintiff some time afterward consulted a physician who advised the use of a laced leather band around the wrist to strengthen and support it, which plaintiff obtained and used thereafter, yet plaintiff on the day of the injury continued his work of assisting in loading the rails without complaint to those in charge of the work. and continued, without complaint of his injury to defendant, to work as section foreman until November 2, 1898, when he was discharged; and that his first claim for damages was made to the defendant about November 6 thereafter.   The claim not being allowed, this action was brought.   Trial resulted in verdict and judgment for plaintiff.   Defendant brings error.

Counsel for defendant in error challenge the sufficiency of the record to authorize a review of errors assigned.   The particular ground of objection is that the record fails to show any final judgment in the court below from which this proceeding in error will lie.   This objection is predicated upon the assumption that a journal entry giving in detail a history of the trial, the verdict, special findings, motions for judgment and a new trial made, and the rulings of the court thereon, the judgment of the court, and the time given to make and serve a case for review in this court, found in the record, is merely a journal entry prepared by counsel, and is not by proper recitals in the record shown to have been entered upon the jour-

9—64 KAN.

nal of the court or to form a proper part of the record. With this contention we do not agree. Immediately preceding this journal entry is found the following:

"And thereafter, and on the 26th day of March, 1900, there was filed in the office of the clerk of the district court within and for Osage county, Kansas, a journal entry in said cause, which said journal entry is in words and figures following, to wit."

Then follows the journal entry entitled in the cause, showing the steps taken in its progress, corresponding in time with the acts done as shown by other parts of the record, which journal entry bears the "O. K." of counsel for plaintiff, and is immediately followed by this recital:

"And these are all the pleadings, motions, demurrers, proceedings, evidence introduced and offered, objections, rulings, decisions, decrees, orders, instructions asked and refused, instructions given, verdict, special findings, judgments, and *journal entries, and constitute the complete and entire record in said action from the beginning to the close thereof*."

This record, as made up and settled by the trial judge, imports absolute verity. By it all parties and this court are bound. It is conclusively presumed that all things recited in this record were done as recited, and that nothing is omitted therefrom that was done, or added thereto or incorporated therein that was not done. It will also be presumed that if, as now contended, this journal entry is not a record of acts done in the cause, and is not a proper part of the record, it would, upon the suggestion of counsel for plaintiff or by the trial judge upon his own motion, have been stricken from the case-made before it was settled as true and correct. The objection made to the sufficiency of the record is not sustained.

Counsel for plaintiff in error urge a reversal of the

judgment in this case upon thrèe grounds.  We shall notice but one.  The others are not well taken.  It is urged that the special findings of fact made by the jury, inconsistent with a verdict for defendant, are not supported by the evidence, and tend to show that the verdict returned was influenced by the passion and prejudice of the jury against defendant's cause, and that for this reason a new trial should have been awarded.

Upon the issue raised by the allegations of negligence in the petition, and under the instructions, it devolved upon plaintiff to prove that the roadmaster, Leatherbury, gave the signal to start the train at the time it did start, causing the injury to plaintiff. While it was stated by the plaintiff, as a witness in his own behalf, that Leatherbury did give the signal, it is quite clear that the plaintiff did not see the signal given, and no witness who saw the signal given so testifies.  In response to interrogatory 14, the jury specially find that Leatherbury did give the signal.  It is argued with assurance that from the facts that Leatherbury was in charge of the train and of the work being done, and immediately prior thereto had given signals for the starting of the train, and was in a position and the proper party to give such signal, the jury might infer he did give the signal complained of.  However, conceding that this doubtful inference may be drawn, the answer to interrogatory 36 cannot be upheld or justified from the evidence in the record.  This interrogatory and answer read as follows :

"Ques.  If plaintiff had released his hold upon the rail when he first discovered that the train was starting, would he have sustained the injury alleged. Ans.  Yes."

Railway Co. v. Davis.

The plaintiff as a witness in his own behalf was asked :

"Ques. Now, then, Mr. Davis, when this train started up, you could have let go of the rail, could you not? Ans. Yes, sir.

"Q. You did not, did you? A. No, sir.

"Q. If you had let go of the rail when the train started up, any injury you claim to have received would have been prevented, would it not? A. Yes, sir ; the injury that I received.

"Q. If you had let go you would have prevented any injury? Why did you not let go? A. I was caring for the safety of the other men. . . .

"Q. But if you had let go you could have saved yourself? A. Yes, if I had let go and gotten out of the way.

"Q. But you did not do that? A. No, sir."

From this testimony of plaintiff, and it is uncontradicted, it will be seen that the plaintiff himself did not contend that he could not have let go of the rail at the time the train started and escaped the injury received. True, he justifies his failure to let go upon his regard for the safety of others, but the ultimate fact that he could have let go and escaped the injury complained of stands admitted by his testimony. The only answer the jury could have returned to this ques-from the evidence as submitted was "No," and when so answered, whether the plaintiff would have been entitled to judgment upon the verdict and findings, or the defendant to judgment upon the findings, would be a question of law for the court and of no concern to the jury. The special questions submitted to the jury having received the sanction of the court as proper questions to be answered by the jury from the evidence, it was the duty of the jury to answer them from the evidence as clearly and explicitly as possible. This duty, in this instance, the jury disregarded, and

for this reason the trial court should have vacated the verdict returned and awarded the defendant a new trial to another jury.   This court has uniformly held to the rule that, where the jury return answers to important special questions submitted in direct opposition to the evidence or unsupported by any evidence, it is the duty of the trial court to award a new trial. (*A. T. & S. F. Rld. Co. v. Long*, 46 Kan. 260, 26 Pac. 682; *Coal Co. v. Morgan*, 42 id. 540, 22 Pac. 579; *Latshaw v. Moore*, 53 id. 234, 36 Pac. 342; *S. K. Rly. Co. v. Gorsuch*, 47 id. 583, 28 Pac. 703; *U. P. Rly. Co. v. Sternbergh*, 54 id. 410, 38 Pac. 486.)

Whether plaintiff, having a reasonable regard for his own safety, could, upon receiving warning of danger, let go his hold upon the rail and thus escape injury to himself, was a material subject of inquiry and proper to submit to the jury for a specific finding thereon, and when so submitted defendant was entitled to a positive answer in conformity with the evidence, regardless not only of the effect such answer might have upon the general verdict in the case, but also regardless of the effect the jury might conceive the answer to have upon the final determination of the case.

It follows that the judgment must be reversed and a new trial awarded.

CUNNINGHAM, ELLIS, JJ., concurring.