P. C. Young v. William Irwin.

No. 13,958.    (79 Pac. 678.)

SYLLABUS BY THE COURT.

1. Practice, Supreme Court—*Contents of Case-made.* Before an assignment of error resting upon an examination of the evidence can be considered the record must show that all the evidence has been preserved, and while the better practice requires this to be done by a specific recital to that effect such an allegation is not essential. Other recitals embracing a continuous narrative from which it fairly appears that all the evidence has been preserved will be held sufficient.

2. Practice, District Court—*Province of Jury.* It is the province of a jury to reconcile conflicting evidence, and in so doing they may call into exercise their own experience and general knowledge.

3. ——— *Conflicting Testimony Reconciled by Jury.* In a case where the weight of a lot of hogs was in controversy two witnesses testified differently about it, and the verdict conformed to the estimate of neither. *Held,* that the fact does not present a case of a verdict not sustained by the evidence, but one where conflicting testimony has been reconciled.

Error from Washington district court; Hugh Alexander, judge. Opinion filed February 11, 1905. Affirmed.

*T. P. Roney,* for plaintiff in error.

*Charles Smith,* for defendant in error.

The opinion of the court was delivered by

Cunningham, J. : The only assignment of error in this case is that the verdict is not sustained by the evidence. The defendant in error insists that we cannot look into this for the reason that the record does not show that all of the evidence is preserved. There is no specific averment to that effect found in the record. Introducing the trial of the question of fact the

Young v. Irwin.

record contains this: "Thereupon, to maintain the issues on his part, the plaintiff introduces his evidence as follows." Then follows the testimony given by a named witness, at the close of which the witness was excused. Following immediately in the record is this: "Thereupon (another named witness) is called as a witness on behalf of the plaintiff and . . . testifies as follows." This formula is used through all of the testimony on behalf of the plaintiff, and at its close is found this: "Thereupon the plaintiff rests, and to maintain the issues on his part, the defendant introduces his evidence as follows." The same formula is used in introducing each of defendant's witnesses, and at the close of all the evidence is found: "Thereupon both plaintiff and defendant rest," which is followed immediately by this: "Thereupon the court instructs the jury as to the law in this case."

It appears from all of this that the proceedings were connected and continuous, and it excludes the idea that any evidence was produced not found in the record. We think that where it fairly appears from all of the recitals of the record that all of the evidence is there found an explicit statement to that effect need not be incorporated. It would be, perhaps, the better practice explicitly to state the fact so as to exclude all doubt, but we think under the recitations of this record that the fact is fairly inferable, and the record sufficient to present the point.

The action was one to recover the price of a certain number of hogs belonging to the plaintiff below, which it was claimed the defendant below, plaintiff in error here, had converted to his own use. A sharp conflict in the evidence between the parties is found. The question presented here and below upon the mo-

Young v. Irwin.

tion for a new trial, as shown by the record, and stated in the brief, is as follows :

"The only contention made by the defendant was that the evidence did not justify the verdict rendered ; that if the weights and sizes of hogs were as claimed by plaintiff, the verdict should have been for much more than it was, and if weights and sizes of hogs were as claimed by the defendant the verdict was for much more than it should have been ; that the jury had no right to arrive at any weights or sizes intermediate to the claims of the parties; as shown by the evidence."

It is now claimed that because the verdict did not respond to the estimate of either of the witnesses, it is not sustained by any evidence. This is a case not of lack of evidence, but of conflict of testimony. In such a case it is the peculiar province of the jury to arrive at what may seem to them, from all of the evidence, a just verdict, and in so doing they may call upon their own experience and general knowledge (*Missouri River R. R. v. Richards*, 8 Kan. 101 ; *Craver v. Hornburg*, 26 id. 94), and may well take into consideration the peculiar interest of any witness in the matter concerning which he testifies. The jury may say that this witness, incited thereto by his interest, has made his estimate of value, weight or size too high, or this one too low, and that the more correct estimate lies in a mean between them.

We discover no error in the record, and the judgment is affirmed.

All the Justices concurring.