No. 21,057.

BERTRAM BRICE-NASH, *Appellant,* v. THE HUTCHINSON INTERURBAN RAILWAY COMPANY, *Appellee.*

SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Action Dismissed—New Action Begun—New Causes of Action—Statute of Limitations.* A plaintiff whose action is disposed of otherwise than on the merits cannot in a new action brought within a year engraft causes that are barred upon causes pleaded in the first action that are not barred.

2. SAME. Herein it is held that the cause of action stated in the second action is substantially the same as that pleaded in the first.

3. SAME—*Findings Contrary to Evidence—New Trial.* A verdict of the jury must be set aside where special findings material to its support are determined by the court to be contrary to the evidence.

Appeal from Reno district court; FRANK F. PRIGG, judge. Opinion filed December 8, 1917. Affirmed.

*E. L. Burton,* of Parsons, and *Harry Brice,* of Cimarron, for the appellant.

*C. M. Williams,* and *D. C. Martindell,* both of Hutchinson, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action to recover damages for personal injuries sustained by the plaintiff while riding on one of defendant's street cars. The verdict of the jury in favor of the plaintiff was set aside by the court and a new trial granted, from which order the plaintiff appeals.

The accident occurred on Main street in Hutchinson, Kan., where the defendant maintains a double-track railway. On October 4, 1911, plaintiff was riding on a street car going north, which was about to stop at a crossing, and plaintiff's arm protruding from a window was struck by a car going south on the other track. He began an action on February 16, 1912, to recover for the injury, which was dismissed on January 15, 1915. The present action to recover damages was brought on October 25, 1915.

In the first action plaintiff alleged as grounds of negligence the nearness of the tracks; the insufficiency of the clearance between the cars on the tracks; that the windows were not screened, but only protected by bars five inches apart; and that a violent jerk of the car pushed his arm between the bars, and it was caught and crushed by the passing car. In the last petition the negligence alleged was the nearness of the tracks; the insufficiency of the clearance between the cars; the roughness of the tracks at the place of the accident; the violent checking of the speed of the car, which threw his arm out of the window; and that the bars across the window were not of sufficient height to keep the arms of passengers from projecting over them. He also added that the motorman on the southbound car had time and opportunity to have seen the plaintiff's arm and realized his peril before his car caught the plaintiff's arm.

On the trial the following special findings of fact were made:

"Q. 1. If you find that the defendant was negligent in this case, how and in what manner was defendant negligent? A. Cars too close together and bars on windows not high enough.

"Q. 2. If you find that the defendant was negligent then what acts of defendant constituted the negligence so found by you. A. By not properly maintaining their track and not properly barring their windows.

"Q. 3. Did the defendant have the windows of the car in which plaintiff was riding properly guarded by iron bars across said windows? A. No.

"Q. 4. If you answer the last question in the negative then in what respect were said windows not properly guarded? A. By bars not being high enough."

On motion of the defendant the court set aside findings 1 and 2 because they were not sustained by the evidence, and then granted a new trial of the cause. In the ruling the court stated that the new trial was granted upon the ground that the jury had based its findings upon negligence which was not an issue in the case, and for which the defendant could not be held liable under the issues in the present action.

The plaintiff appeals and insists that the ground upon which a new trial was granted was not tenable. He insists that the language of the court in the ruling indicated that the new trial was granted on the theory that the verdict was based on negligent acts not pleaded in the first action—that the new acts of negligence pleaded were barred by the statute of limitations. However that may be, the verdict of the jury could not be allowed to stand. The court decided that finding 2 was contrary to the evidence, and as findings 3 and 4 involved the same element it necessarily follows that these findings are also without sufficient support. If there was no evidence to support finding 2—that the defendant did not properly bar its windows—there was not sufficient evidence to support findings 3 and 4—that the windows were not properly guarded by iron bars across them, and that the bars were not high enough to afford protection. These were important findings, and being contrary to the evidence, the court could do no other than to set the verdict aside.

Under the pleadings it can hardly be said that a new and distinct ground of recovery was stated in the last petition. It is true that a plaintiff whose action is disposed of otherwise than on the merits cannot in a new action brought within a year engraft causes that are barred upon those pleaded in the first action which are not barred. The causes of action pleaded in the second case must be substantially the same as those in the first. Here the second was substantially the same as the first. In both there were averments of defects in the tracks, insufficiency of clearance, violent checking and jerking of the

car by which the arm of plaintiff was thrust through a window that was insufficiently protected. In one case the lack of protection was spoken of as the absence of a screen, and in the other it was said that the windows were not properly guarded by bars. The protecting or screening of the windows by iron bars may be said to be substantially the same as screening them with wire. The important element in this branch of the case is the protection of passengers sitting near windows as against injuries from the outside. According to the pleadings there were several negligent acts and omissions of the defendant which contributed to the accident. The closeness of the cars, the tilting of them towards each other on account of the defects in the tracks, and the violent checking and jerking of the cars, which it is alleged pushed the plaintiff's arm through a window, all together contributed to the result, and yet it may be inferred that the injury would not have been sustained if there had been proper protection at the windows. It may be difficult for plaintiff to recover if it is made to appear that he voluntarily put his arm through the unprotected window as defendant claims, but he is contending that his arm was thrust through the window by the negligence of the defendant. The trial court was not justified in treating the averments in the petition respecting the absence of protection in the windows as a different ground of liability from that alleged in the former petition, and therefore barred by the statute of limitations; but having found that the findings relating to the failure to protect the windows were not supported by the evidence, the court could not uphold the verdict.

The judgment is affirmed.