No. 30,246.

MAURA BALANDRAN, by LORENZO BALANDRAN, His Next Friend, *Appellee,* v. WALTER COMPTON and F. E. MAHER, *Appellants.*

(7 P. 2d 510.)

Opinion filed January 30, 1932.

*James F. Getty,* of Kansas City, for the appellants.

*David F. Carson* and *Russell L. Stephens,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

SLOAN, J.: This is an action to recover damages for an injury suffered by a pedestrian on the highway.

It is alleged in the petition that on the fourth day of June, 1930, the defendant, Walter Compton, was the agent, servant and employee of the defendant, F. E. Maher, operating a motor car owned by the defendant, Maher, and on that date he was driving west from Kansas City on highway 32; that near Turner, Kan., he ran the motor car into, against and upon the plaintiff. The allegations of negligence are that he carelessly and negligently drove the car into, against and upon the plaintiff, who was at the time on the side of

the highway off the slab thereof; that he ran his car at an excessive and unlawful rate of speed and failed and neglected to sound any warning whatsoever of his near approach to the plaintiff, and failed and neglected to stop the car or check the speed thereof in time to avoid the collision, and failed and neglected to run the car with due regard for the safety of persons or pedestrians upon the highway at the time, and particularly the plaintiff; that by reason and as a direct result of the careless and negligent acts of the defendant, as herein set out, the plaintiff suffered a broken leg, a fractured skull and concussion of the brain, and bruises and contusions all over the body.

The defendant answered alleging, in substance, that the injury and damages set out in the petition were directly caused and contributed to by the plaintiff's own carelessness in that he ran from behind a truck, without looking for vehicles passing along, into the pathway and against the side of the automobile operated by the defendant.

. The undisputed facts in the case are that the defendant, Compton, was operating the car as agent and employee of F. E. Maher at the time of the accident; that highway 32 runs west from Kansas City to Bonner Springs; that the cement slab on this highway is sixteen feet wide; that near the town of Turner, on the south side of the highway, is a store building known as Hale's store. In front of the store is a concrete loading dock, the edge of which is fifteen feet from the slab. West of the store about one hundred feet are several frame cottages, which are twenty-six feet south of the concrete road. Directly north from the store a dirt road sixteen feet wide enters the highway from the north. West of the dirt road and north of the highway is a gentle slope for twenty or twenty-five feet to a depression. The defendant, Compton, was driving west on the highway, which runs directly east and west for some distance east of the store. At the time of the accident a Loose-Wiles delivery truck was standing about four feet south of the slab in front of the store, facing the west. The boy was north and in front of the store when struck by the car. He suffered a broken leg and bruises. He was seven years old, a Mexican unable to speak English. The defendant stopped his car about seventy-five feet west and north of the place of the accident, in the depression north of the slab.

The evidence relating to the speed of the car, the place of the ac-

cident and other surrounding circumstances is conflicting. The evidence of the plaintiff is diametrically opposite the version of the defendant. The plaintiff's eyewitnesses to the occurrence testified that the boy, at the time he was struck, was from near the edge to five feet north of the slab, near the middle of the dirt road; that the defendant was driving his car about fifty miles per hour; that it left the slab a short distance before it struck the boy; that the left end of the bumper and the left fender struck the boy; that there were no other cars or trucks on the highway, except the Loose-Wiles truck standing in front of the store.

The defendant, Compton, testified that he was driving between thirty and thirty-five miles per hour on the north or right-hand side of the slab and as he approached the store he met a sand truck coming from the west, and he did not see anyone on the road until he got nearly to the store. When he first saw the Mexican boy he was running and came from behind the sand truck that was approaching him. The sand truck was about half way past the store, and the front of his car was about even with the front of the sand truck. The car was about fifteen feet from the boy. He could not stop the car, but swerved it to the right, attempting to avoid striking the boy. The driver of the sand truck, Roy Kella, testified that he saw the accident; that when he first saw the boy he was in front of the Loose-Wiles truck and was approaching the slab. When his truck passed he was probably two or three feet from the slab. He saw the defendant approaching from the east in his car. He looked back and saw the boy on the slab two or three feet from the north edge of the slab. He was then about twenty-five feet east of the boy, and the defendant was about fifty or fifty-five feet east of him. The defendant was right on the boy when he turned off the slab.

Another witness produced by the defendant testified that he was driving a sand truck following about one hundred feet west of the truck driven by Kella; that when he first saw the Mexican boy he was in front of the Loose-Wiles truck and he ran on the slab back of the truck driven by Kella, in front of the car driven by the defendant. The left fender of the car struck the boy. He was about four feet from the north side of the slab. The car left the slab and turned to the northwest.

On this evidence the jury returned a general verdict for the plaintiff in the amount of $5,000, and answered special questions as follows:

"1. Where was the plaintiff when he came in contact with the defendant's car? A. On north edge of slab.

"2. What part of the defendant's car struck the plaintiff? A. The left end of bumper.

"3. Where was the plaintiff lying just after being struck by the defendant's car? A. The north side of slab on shoulder.

"4. Did the defendant, Compton, have an opportunity to blow his horn between the time when he first saw the plaintiff in a position of peril and the time when the plaintiff came in contact with the car? A. Yes.

"5. If defendant, Compton, had blown his horn after seeing the boy in a position of peril, would it have prevented the plaintiff from being struck? A. Don't know."

The appellant contends that the court erred in overruling his motion for a judgment on the special findings, notwithstanding the general verdict. He argues that the only allegation in the appellee's petition which can be held to be an allegation of fact and a charge of negligence is that the appellant carelessly and negligently drove his car into, against and upon the appellee, who was at the time on the side of the highway off of the slab.

The appellant devotes the major portion of his brief to the contention that the appellee is bound by the single allegation contained in the petition that the appellee was at the time of the accident on the side of the highway off the slab. The solution of the appellant's contention lies primarily in the construction of the petition. The petition does, in express terms, allege that the appellant drove the car into, against and upon the appellee, who was at the time on the highway off the slab. It is also alleged in the petition that the appellant was guilty of other acts of negligence, in that he was driving at an excessive and unlawful rate of speed, and failed to give any warning of his approach, and failed and neglected to stop or check the speed of the car, and failed and neglected to drive the car with due regard for the safety of persons or pedestrians upon the highway.

The trial court instructed the jury on all of the allegations of negligence, and particularly that the statute provides that no person shall operate a motor vehicle on any highway at a rate of speed greater than is reasonable and proper, having regard for the traffic and the use of the road, and the conditions of the road, nor at a rate of speed such as to endanger the life or limb of any person, and that if the appellant violated any of the provisions of the statute it constituted negligence.

We think the trial court correctly construed the petition. The

allegation that the appellee was on the slab at the time he was struck was immaterial, if the appellant was at the time driving his car in violation of the statutory requirements. On the other hand, if the appellant ran off the slab and struck the appellee, who was in a place of safety, the speed of the car or the general conduct of the appellant in handling his car would be of little or no consequence. No motion was filed requiring that the petition be made more definite and certain in any particular, and, under such circumstances, the petition is entitled to a liberal construction. It must be held, if the jury found the appellant guilty of any of the general charges made in the petition, that it is sufficient to sustain the verdict. In the case of *Shepherdson v. Storrs,* 114 Kan. 148, 217 Pac. 290, this court, speaking through Mr. Justice Mason, said:

"To a question calling for the basis of the defendant's liability the jury answered: 'For negligence in not using proper precaution on entering the intersection of the street. She was not looking for approaching vehicles from the right or north, or she would have seen the horse and buggy.' It is contended that this is outside of any negligence pleaded and is not supported by any evidence. Among other grounds of negligence set out in the petition was the 'violation of the rules of the road, as defined in section 7, paragraph *b*, of the ordinances of the city of Topeka, being ordinance numbered 4664, approved September 8, 1916.' Paragraph *b* of section 7 of that ordinance reads: 'The ordinary rules of the road shall govern, and the driver to the right has the right of way.' The plaintiff entered the intersection from the north, defendant from the east. The plaintiff, therefore, had the right of way, which implies that the primary obligation to prevent a collision was upon the defendant" (p. 149.)

The appellee, under the circumstances of this case, had the right to rely on any or all of the allegations of negligence contained in the petition, if supported by substantial evidence.

The appellant argues at length that the finding of the jury that the appellee was on the edge of the slab when struck by the car exonerates the appellant. This finding is not inconsistent with the general verdict and is more nearly consistent with the appellee's evidence than the evidence of the appellant. A close examination of the testimony of the appellee's witnesses fixes the appellee's position from near the edge of the pavement to five feet north thereof. The witnesses of the appellant fix the position of the appellee at the time of the accident between two and four feet south of the north edge of the slab. The jury evidently did not accept the testimony of either party as to the location of the appellee, but took rather the middle ground, which is probably not far from cor-

rect, that the appellee was on the edge of the pavement. The fact that the appellee was struck by the left end of the bumper destroys the contention of the appellant that the appellee ran into the car.

It is the duty of the court to harmonize the particular findings of the jury with the general verdict, if this can reasonably be done. (*Smith v. Tri-County Light & Power Co.*, 120 Kan. 123, 241 Pac. 1090; *Riggs v. Ash Grove Lime & Portland Cement Co.*, 131 Kan. 244, 289 Pac. 410.) We find no difficulty in harmonizing the particular findings with the general verdict, and there was substantial evidence to support the verdict and judgment.

It is further argued by the appellant that the court erred in instructing the jury as to the effect of the statute relating to the use of the road. In view of the construction placed on the petition, which we think is proper, the contention is without merit.

It is further contended that the verdict was given under the influence of passion and prejudice and that this is apparent from the amount of the verdict. We have examined the evidence, and, taking into consideration the age of the appellee and the seriousness of the injury, we cannot say that the verdict was excessive.

The judgment is affirmed.