No. 30,871.

GOLDIE SHEFTEL, *Appellee,* v. THE KANSAS CITY PUBLIC SERVICE COMPANY, *Appellant.*

(19 P. 2d 434.)

Opinion filed March 11, 1933.

*Edwin S. McAnany, Maurice L. Alden, Thos. M. Van Cleave,* all of Kansas City, and *Charles L. Carr,* of Kansas City, Mo., for the appellant.

*Frank H. Thompson, J. H. Brady* and *N. E. Snyder,* all of Kansas City, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: The appeal in this case is by the defendant, the Kansas City Public Service Company, from a judgment against it for damages for injury to the plaintiff, a guest in an automobile with her father, caused by a collision of the automobile with a street car at the end of the Twelfth street bridge at the intersection of

Twelfth street and Metropolitan avenue, in Kansas City, Kan., the petition charging the defendant street-car company with negligence as follows:

"The defendant was negligent in operating its said street car at a high, dangerous and rapid rate of speed; in operating said street car at said time and place and under the circumstances above set out, in such a way as to run into and against the plaintiff, who was rightfully upon the tracks of defendant corporation, who did see, or by the exercise of ordinary care and foresight could have seen, plaintiff in said position. That defendant was further negligent in failing to reduce the speed of said street car, or stop it altogether, when the plaintiff was seen upon the tracks, and in full view of the operator of defendant's car; in operating said street car at such a rate of speed that it could not be stopped in time to avoid striking plaintiff, and in failing to use the means of control of said street car to avoid striking plaintiff."

Appellant makes four assignments of error, as follows:

"1. In overruling the demurrer of defendant to the evidence.

"2. In admitting evidence of certain injuries to plaintiff over objection of defendant.

"3. In giving instruction No. 5 to the jury.

"4. In overruling defendant's motion for a new trial, in overruling defendant's motion to set aside special findings of the jury, and in overruling defendant's motion for judgment on the special findings."

With reference to the last assignment of error particular attention is called to the answers made by the jury to three special questions, 2, 3 and 9, which are as follows:

"Q. 2. At what rate of speed do you find the street car was proceeding at the time of the collision? A. 12 miles per hour.

"Q. 3. At what rate of speed do you find the street car was proceeding when it passed the south curb line of Metropolitan avenue? A. 18 miles per hour.

"Q. 9. If you find the defendant was negligent, then state specifically each act of such negligence. A. Defendant was not sufficiently cautious in approaching intersection, traveling at too high rate of speed to control street car."

Appellant insists that the answers to questions 2 and 3 should be set aside because there was absolutely no evidence to support them. These questions were properly submitted to the jury because there was evidence given by the motorman of the street car directly upon the inquiries made therein. Of course the jury may not have given credit to his evidence and may have disregarded it altogether, which it had a perfect right to do, but it has no right in the absence of any other testimony on the subject to supply testimony which it might have regarded as being more nearly reasonable. The motorman

testified that "he was running about twelve miles an hour coming into Metropolitan avenue," and that he was going "not over seven miles if that" when the collision occurred. Where there is a conflict or different estimates of speed, distance or value, the jury may within the bounds of the testimony name what to it appears to be a happy mean. But here we have nothing but the one set of answers as to the speed at these two points, and the jury answers the questions by increasing the speed at one point fifty per cent and at the other over seventy per cent above the only testimony given concerning the same.

Appellee urges that a comparison of the distance the jury found the street car had to travel before reaching the point of collision with the distance the automobile traveled during the same time, including the time the automobile stood on the track stalled, might afford the jury a means of arriving at a conclusion as to the speed of the street car, having already found the speed of the automobile. This could have been presented to the jury in an appropriate examination of a witness on a set of hypothetical questions or otherwise, but it is not usually a duty or privilege of the jury to make such calculations to arrive at an answer propounded to it by the court. This appears to be purely a mathematical question capable of producing a positive answer. The appellee does not assist us in making this calculation, but if the formula prescribed by the appellee is correct, the result will far exceed the finding of the jury as to the speed of the street car at the point of collision; and applying the same formula to the relative distance traveled immediately before the last setting of the brakes, the speed of the street car at its entrance into Metropolitan avenue would be about one-half of what the jury found and much less than the speed given by the witness. While circumstances are proper for a jury to consider in connection with the direct testimony in arriving at its answers to special questions, they must lead by logical deductions to a reasonable certainty in order to be accepted by the jury.

"To find a fact by presumption or inference, the inference should be a logical deduction and reasonably certain in the light of all other proper presumptions and of all collateral facts.

"Where there is no substantial evidence, direct or circumstantial, tending to prove a material fact in issue, a finding that it exists cannot be sustained." (*Duncan v. Railway Co.*, 82 Kan. 230, syl. ¶¶ 1, 2, 108 Pac. 101.).

"A finding of the jury upon any point in the case cannot be upheld when all the evidence in the case relating to such point is against the finding." (*McNeely v. Duff,* 50 Kan. 488, syl. ¶ 2, 31 Pac. 1061.)

Appellee also reasons that the street car must have been moving at a greater rate of speed than seven miles per hour at the point of collision, because it ran from eight to fifteen feet after the collision. This calls for testimony along many lines, as the setting of brakes, the extent of resistance, the condition of the track, the weight of the car and the distance required to stop it at different speeds. No evidence along any of these lines appears in the record.

Appellee suggests that even if the answers to these two questions should be set aside, that should not disturb the general verdict as the question of speed was not material, and cites the case of *May v. Kansas Power & Light Co.,* 134 Kan. 470, 7 P. 2d 108, where the court did hold that two answers to special questions as to the speed of the street car were immaterial and could be disregarded, but there the jury had found that the negligence of the defendant consisted of "Failing to stop street car," and the court held that although speed was alleged as a ground of negligence, it was eliminated by the definite finding of negligence along other lines.

The answer as to negligence in our case was very different and included the matter of speed. It was, as quoted above, "Defendant was not sufficiently cautious in approaching intersection, traveling at too high rate of speed to control street car." The question of speed is by no means eliminated in this finding as it was in the May case, *supra.*

Appellee also cites the case of *Billings v. Aldridge,* 133 Kan. 769, 3 P. 2d 639, where it was said:

". . . It has been properly held that when special findings, material to a general verdict, are set aside by the trial court for the reason that they are contrary to the evidence, a new trial should be granted (*Railway Co. v. Davis,* 64 Kan. 127, 67 Pac. 441; *Brice-Nash v. Street Railway Co.,* 102 Kan. 36, 169 Pac. 189); but from what has been said concerning these questions they were not in fact material, they might very well have been omitted altogether, and the setting of them aside did not require the granting of a new trial." (p. 779.)

In that case the trial court sustained the motion of the defendant to set aside the answers to three special questions because they were not supported by the evidence, and this court approved that ruling and found they "were not in fact material" because they "were purely hypothetical in that they did not relate or pertain to a situa-

tion disclosed by the evidence," and upheld the general verdict in favor of the plaintiff.

The question of speed of the street car has not been eliminated in the case at bar by the answer to special question number nine, and because the answers to questions numbered two and three are material and have to be set aside because they are not supported by the evidence, a new trial is rendered necessary.

"When a special finding upon a material matter in issue is submitted to a jury for determination, the party submitting such special question is entitled to an answer in harmony with the evidence in the case, and where the answer of the jury thereto is in direct opposition to the evidence, or is unsupported by any evidence, it is the duty of the court to set aside the verdict and award a new trial to another jury." (*Railway Co. v. Davis,* 64 Kan. 127, syl. ¶ 1, 67 Pac. 441.)

"A verdict of the jury must be set aside where special findings material to its support are determined by the court to be contrary to the evidence." (*Brice-Nash v. Street Railway Co.,* 102 Kan. 36, syl. ¶ 3, 169 Pac. 189.)

On account of the negligence found in the answer to special question number nine, the motion of the appellant for judgment in its favor on the special findings notwithstanding the general verdict cannot be sustained. It is unnecessary to consider the other assignments of error.

The judgment is reversed, and the cause is remanded with directions to grant a new trial.

THIELE, J., not participating.