No. 31,889

GOLDIE WILSON, *Appellee*, v. K. L. ROGERS, *Appellant*.

(38 P. 2d 124)

Opinion filed December 8, 1934.

*A. B. Keller, George R. Malcolm, C. A. Burnett,* all of Pittsburg, and *Walter B. Patterson,* of Fort Scott, for the appellant.

No appearance was made for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This is an appeal from a judgment striking out part of defendant's answer to the petition of plaintiff in an action for damages sustained in a collision of automobiles on a public highway through the alleged negligence of defendant.

It appears that on December 13, 1932, the plaintiff, Goldie Wilson, and her husband had been to Fort Scott to do their trading, and were returning to their home in Fulton in Mr. Wilson's Buick automobile. Some five miles north of Fort Scott, on highway No. 73E, they were overtaken by defendant, who was driving a Ford coupé. Defendant attempted to pass the Buick, but turned too quickly to the right. His coupé struck the left front fender of the Buick, causing it to swerve into the ditch, whereby plaintiff suffered various injuries, for which she prayed damages.

Defendant's answer contained a general denial, certain admissions, and allegations that plaintiff and her husband were engaged in a common enterprise and that the collision and accident were caused by want of care on the part of plaintiff and her husband. The answer also contained a lengthy *third* paragraph, which may be summarized thus:

The Wilsons had no license for their automobile. No such license had ever been applied for. In consequence it was being operated on the highway without right and in contravention of the statute providing for licensing motor-vehicle operators and chauffeurs (R. S. 1933 Supp. 8-201 *et seq.*, Laws 1931, ch. 80), and that such unlawful operation of the Wilson car barred and precluded plaintiff from any recovery in this action.

On motion of plaintiff the foregoing special defense pleaded in the third paragraph of defendant's answer was stricken out, and defendant appeals.

Our attention is directed to the text of our statute which, in part, reads:

"No person except those expressly exempted under the provisions of this act shall drive any motor vehicle upon a highway in this state unless such person upon application has been licensed as an operator or chauffeur by the department under the provisions of this act." (R. S. 1933 Supp. 8-202.)

Certain infractions of this statute are declared to be felonies, and others to be misdemeanors, with penalties prescribed.

Defendant broadly contends that where a person is injured on the highway while operating a motor vehicle thereon in violation of the statute he cannot recover damages therefor against the person whose negligence has caused such injury. In support of this contention, the case of *Johnson v. Boston & Maine R. Co.*, 83 N. H. 350, is cited and quoted at length. That learned court deals with this question with its usual assiduity, fortifying its position with many citations mostly gleaned from its own precedents; and holds in substance that a person who voluntarily and without justification operates a motor vehicle on a public highway without a license required by statute is a wrongdoer; and where, while thus engaged, his car is struck at a railway crossing through the negligence of a railway company his own wrongdoing is causal, and bars a recovery for the damages he may have sustained.

The annotation to this New Hampshire case, however, which appears in 61 A. L. R. 1190 *et seq.*, as well as earlier annotations there cited, makes it clear that the prevailing rule is at variance with the one stated in the New Hampshire case. See, also, later annotations in 78 A. L. R. 1028 and 87 A. L. R. 1469. We adhere to the majority rule. The punishment for operating an automobile on the highway without the requisite license is prescribed by statute; and that punishment does not include the subjection of the violator

to the liability, without redress, of having his car tipped over into a roadside ditch with peril to life and property by other users of the highway. In the instant case there was not the slightest causal relation between the want of a license for the Wilson automobile and the negligence of defendant whereby he collided with the Wilson car and upset it with the resulting injuries to Mrs. Wilson.

Our attention is directed to *McCarry v. Center Township*, 138 Kan. 624, 27 P. 2d 265, where we held that the township was not liable to a motorist for injuries sustained by him because of an alleged defect in the highway when he at the time was operating his automobile without a license as required by statute. It ought not to be difficult to see that the cited case does not control the present one. A township is an agency of the state. There can be no liability imposed against the state or its agencies without a statute which so declares. The state does permit its public agencies to be subjected to damage suits under limited conditions; but it would be rather absurd to countenance a claim for damages where the plaintiff in effect is compelled to say: "While I was violating the state law on the highway I was injured through the negligence of the state's agency, and I therefore invoke the state law against that agency for redress!" Surely the state's agency is under no duty to furnish a safe highway for those whom the state forbids to use it. In the McCarry case, however, we took note of the fact that the rule there announced is not uniformly sustained in other jurisdictions. See annotations in 16 A. L. R. 1115; 54 id. 380; 61 id. 1191; 87 id. 1472; and 2 J. K. B. 213, 214.

The judgment is affirmed.