No. 33,171

ORAN MOORHOUSE, *Appellee*, v. LEVI ROBBINS, *Appellant*.

(64 P. 2d 5)

Opinion filed January 23, 1937.

*Joe T. Rogers* and *James A. Conly*, both of Wichita, for the appellant.
*S. S. Alexander* and *T. M. Flick*, both of Kingman, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: Plaintiff brought this action for damages to his truck and for personal injuries alleged to have resulted by defendant's

negligently driving his automobile into plaintiff's truck on the highway. The jury answered special questions and returned a verdict for plaintiff for $2,000, on which judgment was rendered. Defendant has appealed.

The facts, not seriously controverted, may be stated as follows: U. S. Highway No. 54 west from Wichita is paved with a cement slab eighteen feet wide, with dirt shoulders on each side. On may 8, 1934, plaintiff was proceeding westward along this highway driving a truck on the north side of the slab. It was about 2:30 o'clock in the afternoon; the day was clear and the pavement dry. Approaching him were three motor vehicles traveling east, one behind the other, on the south side of the pavement. The one nearest to him was an automobile, which pulled out on the south shoulder, perhaps not entirely clearing the cement slab, and stopped to repair a tire. Behind it was an oil transport truck. This slowed up and had stopped, or almost stopped, but kept on its own side of the pavement behind the car which had pulled out for repairs as plaintiff came to pass it. Behind the transport truck was defendant in an automobile. Instead of slowing up or stopping back of the transport truck on his own side of the pavement, as he neared the rear of the transport truck he pulled to his left and on the north side of the pavement just as plaintiff was passing the transport truck on the north side of the pavement. The result was defendant ran his automobile into plaintiff's truck and caused the injuries for which this action was brought.

Answering special questions, the jury found plaintiff was not negligent. They also found the amount of damages, but the amount of the verdict is not complained of except as it may be affected by other points argued. Respecting defendant's negligence they were asked and answered special questions as follows:

"5. Did the defendant Robbins observe an oil truck ahead of him, going east long prior to the collision? A. Yes.

"6. What, if anything, could the defendant have done, that he did not do, to have avoided the collision? A. He could have watched the traffic more closely and kept out of the opposite traffic lane.

"7. Do you find that the defendant was guilty of any act of negligence, which was the proximate cause of the accident? , A. Yes.

"8. If you answer the above question in the affirmative, then state of what that negligence consisted. A. The negligence consisted of not keeping a safe driving distance from the transport truck, considering the driving speed, and keeping his eyes on the traffic on the highway."

Appellant first contends the answer to special question No. 8 finds defendant to be guilty of negligence which was not alleged in the petition. Appellant argues that plaintiff cannot recover on negligence which is not alleged, and that a finding of specific acts of negligence relieves defendant of all other acts of negligence alleged in the petition, citing *Railway Co. v. Wheeler,* 70 Kan. 755, 79 Pac. 673; *Roberts v. Railway Co.,* 98 Kan. 705, 161 Pac. 590, and other cases to the same effect. No fault can be found with the rules of law contended for, but we think the principles relied upon do not apply here. The petition alleged negligence of defendant, more in detail than is here stated, to be in driving his automobile on the wrong side of the pavement, at a high speed considering the congested traffic; that he did so without warning to plaintiff; that he had failed to look ahead to observe the traffic on the highway, and particularly the traffic on the side of the highway used by plaintiff. The jury's answers to questions Nos. 6 and 8 are not so out of harmony with those allegations that they can be said to refer to something else than was alleged.

Defendant's testimony was to the effect that he had driven behind this transport truck approximately four miles before the place of the casualty, keeping a distance of approximately 75 feet behind it; that he did not notice the transport truck slow up and come to a stop, or almost stop, until he was within ten to fifteen feet of it, and that then, realizing he would collide with it if he did not turn out, he suddenly turned to the left and on the other side of the pavement, where he was confronted with plaintiff's truck, properly on that side of the pavement. Appellant argues that he was confronted with an emergency, and that he should not be charged with negligence in turning to the left-hand side of the pavement. Complaint is made of the instruction of the court given on the question of emergency, and of the refusal of the court to give a requested instruction on that question. These instructions are too long to be printed here. The instruction given by the court followed substantially that requested by defendant, although different language was used. In our judgment both were more favorable to defendant than he was entitled to have given, for they do not take into consideration the emergency created by defendant's lack of due care. (See *Barnhardt v. Glycerin Co.,* 113 Kan. 136, 213 Pac. 663.) Had he been paying due attention to the traffic on the highway, as plaintiff alleged, and the jury found he was not, he would not have been

confronted with the emergency he seeks to use to relieve him from liability ·for his negligence. With respect to the instructions on this subject, there is no error of which appellant has a right to complain.

Some other questions are argued, especially by appellee, upon a cross-appeal, but as we understand the questions it is not necessary to discuss them in view of the conclusions hereinbefore reached.

The judgment of the trial court is affirmed.