No. 33,866

Mrs. A. R. Jacobs, *Appellee*, v. Lawrence Hobson et al., *Appellants*.

No. 33,867

A. R. Jacobs, *Appellee*, v. Lawrence Hobson et al., *Appellants*.

(79 P. 2d 861)

Opinion filed June 11, 1938.

*Clark A. Wallace* and *Paul R. Wunsch,* both of Kingman, for the appellants.
*William Barrett, George Barrett* and *Robert G. Miller,* all of Pratt, for the appellees.

The opinion of the court was delivered by

Wedell, J.: Separate actions were brought by a husband and his wife to recover damages resulting from an automobile collision.

Plaintiffs recovered judgments against each of three defendants, and they have appealed. The actions were consolidated before trial and are so presented on appeal. The petitions were identical except as to personal injuries sustained by the wife and as to the damages to the husband's car and expenses which he incurred for his wife's medical attention.

The defendant, Lawrence Hobson, the driver of the car, was a minor fourteen years of age. The defendants, Millard E. Hobson, the minor's father, and N. E. Hobson, the minor's grandfather, were partners in the automobile business and had either furnished or knowingly permitted the boy to drive the car.

The accident occurred at about nine o'clock p. m. one mile west of Kingman, Kan., on U. S. highway No. 54, and on a strip of dirt road which had been left unpaved and was being prepared for a hard surface. Plaintiffs were traveling west and defendants' car was traveling east. The accident occurred approximately six inches north of the center of the traveled portion of the highway. Defendants' car had passed a truck which was on the south side of the center of the highway. In addition to the general verdict the jury made the following special findings:

"1. State width of travelable portion of highway from north edge of sand windrow at place of collision. A. Approximately twenty-two feet wide.

"2. State speed at which cars were traveling at time of collision. A. (a) Plaintiffs'; approximately thirty-five miles per hour; (b) defendant's; approximately thirty-five miles per hour.

"3. State width and height of windrow of sand on south edge of highway. A. Width; approximately five ft.; height; approximately eighteen in.

"4. How far north of sand windrow were north wheels of defendant's car at time of collision? A. Approximately 11½ ft.

"5. How far south of the north edge of travelable portion of highway were the north wheels of plaintiff's car at time of collision? A. Approximately 5½ feet.

"6. If you find defendant, Lawrence Hobson, guilty of any negligence contributing to such collision, state fully of what said negligence consisted. A. He was negligent because of the fact that he did not stop and wait behind the truck until the plaintiff had passed the said defendant instead of speeding up and taking a chance.

"7. State what, if anything, prevented plaintiffs from driving on the north half of said highway, if you find they were not driving on north half. A.—

"8. State who was the owner of the Chevrolet car driven by Lawrence Hobson at the time of the collision in question. A. N. W. Hobson and Son.

"9. State where, with reference to center of travelable portion of highway, did the collision occur. A. Approximately six inches north from the center of the travelable portion of the highway."

Defendants first urge that finding No. 6 absolves them of all negligence other than that specifically found therein and requires judgment in their favor. The contention is grounded on the theory, first, that this finding does not pertain to any act of negligence pleaded, and second, that under plaintiffs' own evidence such finding could not have been the proximate cause of the injury for the reason that plaintiffs' evidence disclosed defendants' car had gotten back to the right or south side of the center of the highway after passing the truck and prior to the collision.

Touching first the contention as to negligence pleaded, we find the petition charged three specific acts of negligence, to wit: excessive speed, lack of control and driving on the wrong side of the road. True, the petition did not charge the negligence consisted in the failure "to stop and wait behind the truck until the plaintiff had passed the said defendant," which is a part of finding No. 6. It did, however, charge the operator of the car with negligence in driving on the wrong side of the road. We therefore cannot say finding No. 6 was unrelated to the negligence charged. For an opinion involving a somewhat similar pleading and finding, see *Moorhouse v. Robbins*, 145 Kan. 157, 159, 64 P. 2d 5.

Defendants, however, insist the act of passing around the truck did not constitute the proximate cause of the collision, as their car had gotten back to its proper or south side of the highway before the collision occurred. That their car did return to the proper side of the road in ample time to avoid a collision while passing the truck is true. It is also true, however, that after the car had returned to the south side of the road it took a northeasterly direction, and that the collision occurred north of the center of the highway. It took a northeasterly course while negotiating a railroad crossing. One of the plaintiffs' witnesses testified:

"He passed this truck kinda weaving a little and then he got back to the south side of the road and came to this railroad crossing, and when he crossed the railroad tracks it kind of threw his car and then he came northeast."

The jury apparently was of the opinion that in view of the entire situation, the driver of defendants' car was taking a chance. Assuming, however, the driver did not take a chance and that passing around the truck was not the proximate cause of the collision, we are still confronted with the inescapable fact that the collision would not have occurred except for negligence expressly pleaded and the fact specifically found, namely, that defendants' car was on the

wrong side of the road at the point of collision. (Findings Nos. 1, 4, 9.) It is not contended those findings are not supported by substantial evidence. Irrespective, therefore, of finding No. 6, or any question of loss of control, the collision did occur while defendants' car was on the wrong side of the road. This is not a case in which the jury found only negligence which was not pleaded. It is not a case where the jury found only facts which were not the proximate cause of the injury. It is also well to note that findings Nos. 1 and 4 preceded finding No. 6. It is entirely possible that under these circumstances the jury may have thought question No. 6 called for other and additional acts of negligence, if any, to that previously found. That the jury, however, intended to expressly find defendants were on the wrong side of the road at the time of collision, is again definitely shown by finding No. 9. True, the jury properly should have included all acts it considered negligent in finding No. 6, but it was also required to answer questions 1, 4 and 9, and since in those answers it specifically found the existence of an act of negligence expressly pleaded, we obviously cannot ignore those findings.

Under such circumstances we are obliged to consider all findings together with a view of harmonizing them with each other and with the general verdict where that is reasonably possible. (*Brown v. Utilities Co.*, 110 Kan. 283, 287, 203 Pac. 907; *Balandran v. Compton*, 134 Kan. 542, 547, 7 P. 2d 510; *Moorhouse v. Robbins*, supra.) Finding No. 6 is not necessarily inconsistent with the findings which show defendants' car to have been on the wrong side of the road at the time of the collision. It is not a finding defendants' car was on the right side of the road at the time of the collision. In the most favorable view to defendants, all that can possibly be said in support of their contention is that the acts contained in finding No. 6 were not the proximate cause of the collision. If that finding, however, is completely eliminated the verdict is still supported by negligence pleaded and facts specifically found. That plaintiffs may base their right to recover on any act of negligence pleaded and proved, which was the proximate cause of their damage, cannot be doubted. (*Balandran v. Compton*, supra.) In the light of these circumstances we cannot upset the verdicts.

Defendants next urge the court erred in several respects in overruling their motion for a new trial. The first contention pertains to instruction No. 34. Plaintiffs insist there was no objection to that particular instruction, and, hence, the alleged error cannot be re-

viewed. In view of the record it is clear that while defendants perhaps did not identify the instruction complained of by the proper number, plaintiffs and the court understood the substance of the instruction to which the objection was directed. Moreover, the court advised defendants they had objections to all instructions. In view of these circumstances the objection will be considered on its merits. The instruction read:

"No. 34. It is an admitted fact in this case that the defendant, Lawrence Hobson, at the time in question was under the age of sixteen years.

"In this connection you are instructed that while it is negligence per se for every owner of a motor vehicle causing or knowingly permitting a minor under the age of sixteen years to drive such a vehicle upon a highway, and while it is negligence per se for any person to give or furnish a motor vehicle to such minor, yet such facts alone are not sufficient to warrant recovery by the plaintiff. In addition thereto the plaintiff must establish the fact, if it be a fact, that such negligence, if any, like any other act of negligence complained of was the direct and proximate cause of the damage and injuries complained of by the plaintiff *as herein instructed."* (Italics inserted.)

After reviewing the three acts of negligence, namely, excessive speed, loss of control and driving on the wrong side of the road, with which the defendant, Lawrence Hobson, the minor and driver of the car, was charged, the court definitely instructed the jury in substance: that plaintiffs were bound by the acts of negligence pleaded; before they could recover they must find that all or one of such negligent acts of the driver was the proximate cause of the collision; if they found the defendants, owners of the car, had knowingly permitted the minor to drive the car, the owners would be liable for damages caused by the *negligence of the minor*.

The defendants, owners of the car, insist that the portion of instruction No. 34 which declared them to be negligent per se in the event they caused or permitted the minor to use the car was erroneous. They insist that permitting the minor to drive the car did not constitute negligence per se, but rendered them liable for damages only in the event the minor's negligent operation of the car caused damage. In that contention they are correct. G. S. 1935, 8-222, provides:

"Every owner of a motor vehicle causing or knowingly permitting a minor under the age of sixteen years to drive such vehicle upon a highway, and any person who gives or furnishes a motor vehicle to such minor, shall be jointly and severally liable with such minor for any damages caused by the negligence of such minor in driving such vehicle."

The court, as previously stated, in instructions other than in-

struction No. 34, stated the law in conformity with the provisions of G. S. 1935, 8-222, and advised the jury that in order to make the owners of the car liable it was necessary to find the minor had committed one or more of the acts of negligence with which the minor was charged, and that such act or acts must have constituted the proximate cause of the injury. Does the technical error, then, as contained in instruction No. 34, require a reversal of the judgment? We think not. It was not necessary the jury should find the owners of the car guilty of negligence in order to render them liable for the damages sustained. They were liable to plaintiffs if any negligent act of the minor was the proximate cause of the injury. Technical errors which do not affirmatively appear to have prejudicially affected the substantial rights of the parties are not grounds for reversal. (G. S. 1935, 60-3317; *Root v. Packing Co.,* 94 Kan. 339, 345, 147 Pac. 69; *Firmin v. Crawford,* 140 Kan. 370, 36 P. 2d 970.)

Defendants further urge a new trial should have been granted by reason of the admission of certain evidence over their objection. The evidence related to a conversation between the plaintiff, A. R. Jacobs, and the defendant, N. E. Hobson, the minor's father. The testimony which defendants asked to have stricken was to the effect that the minor's father had told him the boy had no license. It does not affirmatively appear such ruling affected the substantial rights of the defendants. The minor had previously testified, without objection by any defendant, to the effect he was fourteen years of age at the time of the collision and had no driver's license.

It is also urged the court should have given a requested instruction to the effect that the failure of the minor to have a driver's license was immaterial and that the jury should not discuss or permit this fact to enter into their deliberations. (*Wilson v. Rogers,* 140 Kan. 647, 38 P. 2d 124.) In the Wilson case it was held:

"Plaintiff and her husband were riding in their automobile on a public highway. They had no license for its operation as required by statute. Defendant overhauled them and, in attempting to pass, he negligently drove his automobile against plaintiff's car, causing it to swerve and upset in a ditch by the roadside. *Held,* that the want of a license for plaintiff's automobile constituted no defense to her action for damages against defendant; and so much of his pleaded defense as pertained thereto was properly stricken from his answer." (Syl.)

The minor's want of a license was not pleaded or relied upon as constituting negligence in the instant case. In the instructions the court first stated the three specific acts of negligence pleaded, which

we have heretofore mentioned, and then instructed the jury that plaintiffs were bound by the acts of negligence which they had pleaded. In view of such clear instructions and in the absence of any special finding or other affirmative showing indicating that the jury ignored the instructions given, we cannot say the refusal to give a special instruction on the subject of a license constituted reversible error.

We have noted all decisions cited by defendants in support of each of their contentions and do not find them inconsistent with the views herein expressed. No reversible error appears, and the judgment must therefore be affirmed. It is so ordered.