No. 36,621

Dale Stafford, *Appellee*, v. The Fidelity Hail Insurance Com-
·pany, *Appellant*.

(173 P. 2d 1022)

Opinion filed
November 9, 1946.

*G. A. Spencer,* of Salina, argued the cause, and *W. S. Norris, H. L. Smither*
and *F. C. Norton,* all of Salina, and *Fred D. Swoyer,* of Belleville, were with
him on the briefs for the appellant.

*Fred Emery,* of Belleville, argued the cause, and *Frank G. Spurney,* of Belle-
ville, was with him on the briefs for the appellee.

The opinion of the court was delivered by

Wedell, J.:   Plaintiff prevailed in an action on an insurance
policy to recover damages to crops of wheat and oats resulting from
hailstorm.  The defendant insurance company appeals.

Appellant does not claim there was no evidence of damage to the
crops.  Its sole contention is the evidence failed to establish the par-
ticular percentage of damage to each crop assessed by the special
findings of the jury.  The jury found the wheat crop was damaged
forty-five percent and the oat crop thirty percent.

We shall first consider the evidence pertaining to damage of the
wheat crop.  It is, of course, elementary that on review this court
is not concerned with evidence of either party that does not support
or is contrary to the findings of the jury but is concerned only with

ascertaining whether there is evidence which supports or reasonably tends to support the findings made. Appellant concedes this to be the rule on review. That the record before us would definitely support a finding of a larger percentage of damage to the wheat than that found by the jury cannot be doubted. Appellant, however, argues there is no specific evidence to support the percentage of damage to the wheat found by the jury and that, therefore, the finding cannot stand.

A careful review of the record convinces us there is evidence which reasonably tends to support the finding. It is unnecessary to summarize all of such evidence. Two examinations of the damage were made. The first was made on the day following the hailstorm. The second was made twenty-five days later.

Appellee adduced evidence which, in substance, further disclosed: A count was made by examining a given number of stalks, usually 100, in a single row; the rows were selected at random in different portions of the 100-acre field of wheat; thirty out of fifty stalks at the north side of the field were damaged; of the fifty at the north end ten were cut off entirely; farther south thirty-five or forty stalks were found broken or damaged; ten or fifteen out of the fifty stalks were cut off and thirty-five or forty stalks were bent over and bruised; some of the damaged or bruised stems might straighten up; the wheat yield was nine bushels per acre; the wheat when damaged was knee-high, a good stand, and in the early boot stage.

In view of the foregoing and other testimony which might be narrated we think the jury was justified in considering all of the evidence and assessing the wheat damage at forty-five percent. The finding was reasonably within the range of the testimony. Under such circumstances the finding will not be disturbed. (*Young v. Irwin,* 70 Kan. 796, 79 Pac. 678; *Balandran v. Compton,* 134 Kan. 542, 546, 7 P. 2d 510; *Sheftel v. Kansas City Public Service Co.,* 137 Kan. 79, 81, 19 P. 2d 434; *Claggett v. Phillips Petroleum Co.,* 150 Kan. 191, 193, 92 P. 2d 52; *Taggart v. Yellow Cab Co. of Wichita,* 156 Kan. 88, 131 P. 2d. 924.)

Does the evidence support the finding of thirty percent damage to the oat crop? Pertinent evidence adduced by appellee, in substance, disclosed:

The oat field of forty acres was located on the east side of appellee's farm while the wheat field was located on the west side

thereof; the hailstorm covered not only appellee's land but also fields adjoining his farm on the southwest, west, across the road to the north and a farm located a quarter of a mile south; appellee had sowed over two bushels of oats to the acre during the latter part of March on disked corn ground; there was a good stand of oats; it had jointed but had not headed; it was twelve to eighteen inches in height on May 12, the day of the hailstorm; three days after the storm the oats looked as though a roller had rolled over them; they were flat and lying down, some were cut off, and the ground was thick with foliage; the number of damaged stalks out of every hundred in a row was not counted because it was impossible to get a hundred in a row to pull; the oats were down so badly they couldn't tell much about the condition; very few of the stalks were standing; the oats were thinned out so badly the field filled up with weeds; it was necessary to use a windrow, a power mower with a windrow on it, to mow the oats; the crop was then picked up with a combine; the oat crop was not as advanced as the wheat crop and the damage to the oats would not be as great; it was estimated the oats made ten or twelve bushels to the acre.

Appellant argues no evidence established thirty percent damage or any other specific amount of damage to the oat crop and hence no finding of any specific amount of damage has support in the evidence. The principle of law contended for by appellant is the same with respect to the oat crop as it was with respect to the wheat crop. Appellant does, however, contend the principle on which it relies applies with even greater force to damage to the oat crop than to the wheat crop in that there was no count made of the number of damaged oat stalks and no testimony of any percent of damage thereto. The principal cases relied upon by appellant are *U. P. Rly. Co. v. Shannon*, 33 Kan. 446, 6 Pac. 564; *Railway Co. v. Davis*, 64 Kan. 127, 67 Pac. 441; *Telegraph Co. v. Morris*, 67 Kan. 410, 73 Pac. 108; *Campbell v. Brown*, 85 Kan. 527, 117 Pac. 1010; *City of Wichita v. Ferriter*, 126 Kan. 648, 270 Pac. 592; *Billings v. Aldridge*, 133 Kan. 769, 3 P. 2d 639; *Sheftel v. Kansas City Public Service Co.*, 137 Kan. 79, 19 P. 2d 434.

We adhere to the principles of law enunciated in those cases. We think the evidence here, however, was of such character as to permit the jury to determine the amount of the damage to the oats. This was not a case in which the issues joined by the pleadings required a verdict for any specific amount of damage or no damage. The

evidence probably warranted an even larger verdict. Under such circumstances there is no denial of substantial justice to appellant in affirming the judgment and it is in no position to complain. (G. S. 1935, 60-3317; *Graves v. Negy*, 114 Kan. 373, 219 Pac. 286; *Bryant v. Glenn*, 139 Kan. 660, 664, 33 P. 2d 167; *Manhardt v. Estate of Sheridan*, 150 Kan. 264, 269, 270, 92 P. 2d 76.)

It is well to remember the crops at the time they were insured and at the time of damage were both immature. It was impossible for the jury to fix the value of either crop with absolute exactness immediately before the hailstorm and immediately thereafter. As to the oat crop there was positive testimony it was impossible to make a count of damages on a percentage basis by reason of its condition caused by the hailstorm. The policy is not set forth and it is not contended it required ascertainment of the damage by any fixed method.

While we need not rest our decision of affirmance on another point it may be well to say the instructions are not before us. The evidence of the parties as to damage was highly conflicting. The jury may have been instructed that in view of the conflicting testimony and all the circumstances it was its province to reconcile the conflict and that in so doing it could call into exercise its own experience and general knowledge in the premises. (*Young v. Irwin*, supra; *Johnson v. Gas Co.*, 90 Kan. 565, 570, 135 Pac. 589; *Smith v. Railroad Co.*, 95 Kan. 451, 460, 461, 148 Pac. 759.) It is not contended the jury did not follow the instructions given. There is no objection to the instructions and for appellate purposes they, of course, in the absence of objections, become the law in a civil case.

Reversible error does not appear in the record before us and the judgment must be affirmed. It is so ordered.

BURCH, J. (dissenting in part): I agree that there was evidence which justified the jury in finding the amount of damage to the wheat but when the jury determined the amount of the damage to the oats it simply looked out into the misty, foggy sky of speculation and fixed its eyes upon a fancied figure. There was evidence that the oats had been damaged by hail. Consequently, it cannot be said that appellee did not prove that the oats were damaged at all. There was evidence introduced also as to the amount the oats eventually made to the acre. However, no witness was asked to give an estimate of the amount of damage to the oats and no testi-

mony was introduced showing what the average yield of undamaged oats may have been in the vicinity when similar soil, moisture and other conditions existed. We are not justified in assuming that the jury was made up of farmers who had particular knowledge—not general knowledge—as to the essential facts. Appellee failed to introduce evidence which justified the jury in answering the question as to the amount of damage to the oats in any manner other than "We don't know." Appellant was not required to furnish the omitted information and is entitled, at least, to a new trial limited to a proper determination of the answer to such a question if it wants one.