No. 26,771.

THE KANSAS STATE BANK (C. C. ZIMMERMAN, Receiver, Substituted), *Appellee,* v. L. C. SKINNER, *Appellant.*

SYLLABUS BY THE COURT.

TRIAL—*Verdict—Special Findings Inconsistent With General Verdict.* When a jury returns a general verdict, and in answer to special questions makes special findings of fact which are inconsistent with the general verdict, the special findings control the general verdict, and the court may render judgment accordingly.

Appeal from Butler district court; GEORGE J. BENSON, judge. Opinion filed June 12, 1926. Affirmed.

*W. P. Campbell,* of Wichita, for the appellant.

*J. M. Pleasant,* of El Dorado, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action for the balance due on promissory notes. It is brought by the payee against the maker's purchaser of a stock of merchandise, who agreed to pay it as a part of the purchase price. The jury returned a general verdict for defendant and answered special questions. The court sustained plaintiff's motion for a judgment in its favor upon answers to special questions, notwithstanding the general verdict, and defendant has appealed.

As shown by the pleadings, instructions and special findings, the circumstances giving rise to the controversy are in substance as follows: Mrs. Loomis and her daughter owned and conducted a millinery business at El Dorado. They were indebted to several wholesale firms, and also owed the plaintiff bank on the notes involved in this case. They sold this stock of merchandise to Mrs. Skinner, who took possession thereof. By the written agreement between them, Mrs. Skinner gave to the sellers her note for a part of the purchase price and agreed "to pay the following bills due from first party." This was followed by a list of bills which the purchaser agreed to pay, and included the notes due plaintiff. There was a provision in the contract that the parties thereto would ask the creditors to give Mrs. Skinner time in payment of such bills, and if consent thereto could not be had within ten days, the purchaser was at liberty not to complete the agreement to purchase and return the

Appeal and Error, 4 C. J. pp. 769 n. 42, 773 n. 5, 774 n. 20. Trial, 38 Cyc. pp. 1927 n. 83, 1928 n. 92, 1930 n. 95.

property to the sellers.  The court instructed the jury, among other things, that if Mrs. Skinner took possession of the stock of goods and retained such possession after the ten days' period, she was bound by her agreement to purchase.  In answer to a special question, the jury found that Mrs. Skinner took possession of the stock of goods purchased in September, 1923; that she never offered to turn it back to the sellers; that she remained in possession of it until November, 1924, when she took from the place of business property which had not been purchased from the Loomises.  Under this finding the jury, had it followed the instructions of the court, should have found for the plaintiff.  No complaint is made of the instructions, and since the evidence is not before us, we must assume that the evidence justified the finding, and that the instruction was proper; hence, there is no error in the court rendering judgment for the plaintiff on the special findings.  In *Stove Works v. Caswell,* 48 Kan. 689, 29 Pac. 1072, it was held:

"Where property is sold, and the purchaser agrees to pay the consideration therefor, or a portion thereof, to a creditor of the vendor, the purchaser, as between himself and the vendor, becomes the principal debtor." (Syl.  See, also, *Mfg. Co. v. Burrows,* 40 Kan. 361, 19 Pac. 809; *Mumper v. Kelley,* 43 Kan. 256, 23 Pac. 558; *Fisher v. Spillman,* 85 Kan. 552, 118 Pac. 65; *Bank v. Livermore,* 90 Kan. 395, 402, 133 Pac. 734.)

Appellant cites the case of *Burton v. Larkin,* 36 Kan. 246, 13 Pac. 398, but the cases are not at all similar.  There Burton had agreed with one Clark to advance him money for certain purposes, but he never agreed to pay any of Clark's debts to anyone, hence the court held he was not liable for a debt which Clark later incurred to Larkin.

Appellant argues that every reasonable presumption is in favor of a general verdict, and special findings should be harmonized with it, if possible, and that special findings will not justify the setting aside of the general verdict unless they are so inconsistent with it that the latter cannot stand.  These rules of law are perfectly sound.  It is also true that a general verdict cannot stand if the special findings are inconsistent with it (R. S. 60-2918), and that is the situation we have here.  If Mrs. Skinner completed her purchase of this property under the contract as alleged by plaintiff, she became obligated to pay the sum due plaintiff on its notes.  (See cases, *supra.*)  Her contract gave her only ten days in which to determine whether she would complete the contract, and when she

took possession of the property and remained in possession of it for more than a year, as the jury found in answer to a special question, she became fully liable.

The judgment of the court below is affirmed.