No. 34,106

GLADYS WITT, by Her Father and Next Friend, J. C. WITT, *Appellee*, v. E. E. ROPER, doing business as ROPER PETROLEUM COMPANY, and HOMER W. HANNA, *Appellants*.

(86 P. 2d 549)

Opinion filed January 28, 1939.

*W. W. Brown*, of Parsons, for the appellants.
*Elmer W. Columbia*, of Parsons, for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action to recover damages for injuries sustained in an automobile accident. From an adverse judgment

the defendant appeals, specifying as error the rulings of the trial court setting aside an answer to a special question submitted to the jury and denying defendants' motion for judgment on the special findings. We may here state that limits of space prevent a full review of all authorities cited in the briefs.

Briefly stated, plaintiff's petition alleged that about six o'clock p. m. on October 18, 1937, she was driving east on U. S. highway 160 east of Parsons; that when within a short distance west of a culvert or bridge, and about the time she met and passed a car coming west, the defendant Hanna, driver of a truck owned by defendant Roper, also proceeding westwardly and at a high rate of speed, attempted to pass the car ahead of him, turned to his left side of the highway and collided with plaintiff's car, causing her physical injuries for which she sought damages. Without going into detail, the allegations may be said to have charged both ordinary negligence and willful and wanton conduct on the part of the driver of the truck.

Defendants' answer, after a general denial, alleged the truck was in good condition, with the lights turned on; that it was dusk and it was difficult and impossible within a reasonable distance for the driver of the truck to see or discover an automobile being driven toward it without lights; that the car immediately ahead of the truck slowed down suddenly and unexpectedly as if to stop on the pavement, and to avoid a collision it was necessary to turn to the left side of the pavement; that the driver looked ahead to see if it was safe to turn to the left, and seeing no approaching car, he turned the truck to the left, and as he was about even with the westbound car, he discovered plaintiff's approaching car on which at the same instant the driver turned on the lights; that defendants' driver attempted to avoid a collision by turning his truck to the right, but failed to do so in time. The answer further alleged plaintiff was negligent in driving 45 miles per hour in the dusk without lights, etc.

At the trial, and after the opening statement of plaintiff, defendants moved the trial court to compel plaintiff to elect whether she stood on negligence or willful and wanton conduct of the defendants. The trial court denied the motion for the time being. Both parties offered evidence in support of their allegations, and after each had rested the motion was renewed. The record as abstracted shows (a) plaintiff elected to stand on ordinary negligence, and (b) the

trial court denied the motion, but on its own motion stated that wanton and willful conduct would be taken from the consideration of the jury.

The jury, under instructions of which no complaint is made, returned a general verdict for plaintiff and answered special questions as follows:

"1. Did the automobile that was running in front of defendant's truck, as they approached the point of collision, slow down without warning? A. No.

"2. Did defendant's driver turn out around the automobile in front of him to avoid a probable collision with it? A. No.

"3. Was there anything to prevent plaintiff from turning her car farther to the right and travel upon the shoulder of the highway? A. Yes.

"4. Had plaintiff turned farther to the right upon the shoulder of the high way, would she have avoided the collision? A. No.

"5. If you answer question No. 4 in the negative, state why she could not have avoided a collision by turning out on the shoulder. A. If she had turned to the right she would have run into ditch or hit the bridge.

"6. Was defendant's driver watching along the highway for approaching cars at the time he turned to the left side of the highway around the car in front of him? A. No.

"7. If you find for plaintiff, on what ground or grounds of negligence do you base your verdict? A. Willful and wanton disregard for safety of the plaintiff.

"8. (Not answered.)

"9. (Not here material.)"

In due time the defendants filed a motion for a new trial, and at the same time, as part thereof, they filed a motion to have the answers to questions 3, 4, 5, 7 and 9 set aside as being not sustained by the evidence and as contrary to the evidence, as well as a motion for judgment on the findings. Before hearing thereon, the trial court permitted withdrawal of the motion for a new trial. Apparently the defendant thought withdrawal of the motion for a new trial carried with it withdrawal of the motion to set aside the answers to certain of the special questions. The confusion is more apparent than real, however, for the trial court denied the motion as made and on its own initiative approved all findings except the answer to special question 7, which answer it set aside as not sustained by the evidence, as contrary to the evidence, and as not responsive to the question. The trial court also denied the motion for judgment on the special findings, and defendants appeal.

Appellants contend the trial court erred in setting aside the answer to special question 7; that by it the jury found a ground of

negligence not submitted to the jury and not relied on by plaintiff, and therefore they were entitled to judgment on the findings.

We here note that appellants, in their brief, state appellee asked for judgment on the special findings and thereby conceded they were supported by the evidence. The record as abstracted does not show any such motion, nor if made whether made before or after the trial court struck out the answer to special question 7. Appellee in her brief states that at the time the jury returned its answers to special questions she asked they be returned to their jury room (purpose not stated), and upon defendants' objection the motion was withdrawn. The abstract fails to show such a motion and there is no counter abstract. We shall therefore ignore all argument predicated on either statement.

The record does show that appellants moved for judgment on the special findings, and insofar as they are concerned that is a concession they are supported by the evidence. (*Commerce Trust Co. v. Pioneer Cattle Loan Co.*, 120 Kan. 712, syl. ¶ 2, 244 Pac. 840; *Curry v. Wichita Railroad & Light Co.*, 128 Kan. 537, 538, 278 Pac. 749; *Hull v. Chicago, R. I. & P. Rly. Co.*, 131 Kan. 781, 782, 293 Pac. 479.) But that concession did not bind the trial court. Before it rendered any judgment it had to give its approval to the verdict and answers to special questions.

The record before us shows that just after the opening statement of plaintiff was made, defendants sought to have plaintiff elect whether she sought recovery for defendants' negligence or for their willful misconduct. At the close of the evidence, defendants renewed the motion and the trial court stated specifically that willful and wanton conduct would be taken from the consideration of the jury. Although the instructions are not quoted, it is stated in the abstract the trial court instructed the jury that only the matter of ordinary negligence of the defendant and the contributory negligence of the plaintiff were in issue. It is clear that at that stage of the trial the trial court had concluded there was no evidence of wanton or willful conduct which would render defendants liable to plaintiff.

After the verdict and answers to special questions had been returned, the trial court's attention to them in all their parts was challenged by appellants' motion for judgment on the special findings. If it were to sustain the motion, it must first give approval to the findings and conclude they compelled a verdict for the defendants notwithstanding the general verdict. If, on such examina-

tion, it should conclude a finding was not supported by any evidence, its duty was to set aside that finding. If its ruling were based on a finding not supported by evidence, it would be error. And so we examine the record to determine whether the trial court erred in setting aside the answer to special question 7. Obviously, no purpose would be served by setting out fully all the evidence to demonstrate there was a lack of evidence. We have carefully reviewed the evidence as abstracted and conclude the trial court ruled correctly in holding there was no evidence of wanton or willful conduct which caused plaintiff's injuries.

Appellants contend that question 7 was a proper and important question, and that they had the right to know from the jury the fault or faults attributed to them, if they were at fault. That is true. But if the answer returned had no support in the evidence, then, as stated above, it was the trial court's duty to set it aside. Appellants contend further that answer having been set aside, there was no basis for the judgment, and they should have had judgment in their favor or should have a new trial. It may be observed first that where a general verdict is in favor of the plaintiff she is entitled to judgment thereon unless the answers to the special questions, or some of them, being inconsistent with each other and not reconcilable with the general verdict, compel a judgment for the defendants. (*Kansas State Bank v. Skinner,* 121 Kan. 322, 246 Pac. 497; *Doty v. Crystal Ice & Fuel Co.,* 122 Kan. 653, 658, 253 Pac. 611.) And if the general verdict is for plaintiff and the answers to the special questions are consistent with each other and with the general verdict, or can be reconciled with it, then the general verdict must stand. (*Greiner v. Greiner,* 129 Kan. 435, 283 Pac. 651; *Meyer Sanitary Milk Co. v. Casualty Reciprocal Exchange,* 145 Kan. 501, 506, 66 P. 2d 619; *Jacobs v. Hobson,* 148 Kan. 107, 110, 79 P. 2d 861.)

Before applying either of the above rules, however, we inquire as to the effect of setting aside the answer to question 7. Does the ruling thereon compel the granting of a new trial, or does it leave the matter somewhat in the same position as though the question had never been submitted?

From appellants' standpoint, perhaps two of the most persuasive cases are *U. P. Rly. Co. v. Shannon,* 33 Kan. 446, 6 Pac. 564, wherein it was held:

"Where a jury, in an important special finding, disregard all of the testi-

mony introduced, and make a finding upon a subject calling for particular knowledge or experience, without any evidence to support it, such finding not only affects the other special findings, but may also affect the correctness of the general verdict, when the evidence in the case is conflicting." (Syl. ¶ 2.)

And *A., T. & S. F. Rld. Co. v. Brown, Adm'r*, 33 Kan. 757, 7 Pac. 571, where the rule was stated thus:

"Where important and material special findings of the jury are without any support in the evidence, and where other findings are contrary to the evidence, and still other findings evasive and inconsistent, and it appears from such findings that the jury either misconceived the import of portions of the testimony, or else did not make fair and impartial answers to the questions of fact submitted, the general verdict cannot stand, although it has been approved by the trial court." (Syl.)

In both of the above cases the trial court had approved the findings. In the Shannon case the unsupported answer pertained to the distance within which a train might be stopped, and whether it could have been stopped within a certain distance was an element in the negligence charged. In the Brown case this court concluded the jury was more anxious to answer the special questions so as not to interfere with the general verdict than to give full, fair and truthful answers to the questions submitted (l. c. 760). In *Goff v. Goff*, 98 Kan. 201, 158 Pac. 26, it was held:

"Where the court sets aside a finding which may have been in part the basis of the general verdict, a new trial must be granted unless the remaining findings in themselves require a judgment." (Syl. ¶ 3.)

In the later case of *Tritle v. Phillips Petroleum Co.*, 140 Kan. 671, 37 P. 2d 996, the trial court set aside the answer to a special question whether plaintiff was guilty of contributory negligence and then rendered judgment against plaintiff on the special findings notwithstanding the general verdict. It was there held:

"Where there is a dispute of fact as to whether the plaintiff is guilty of negligence which contributed to his injury, and the court is not satisfied with the answer returned by the jury to a special question thereon, and a contrary answer would compel a verdict for the defendant, the court is not at liberty to substitute its conclusion for that of the jury, but should grant a new trial." (Syl. ¶ 2.)

Persuasive as these cases may be, they are clearly distinguishable from the instant case. The Shannon case applied a rule against the appellee that would hardly be applied today in view of the changes made in our code of civil procedure in 1909. In the Brown case the court's conclusion has been mentioned above. In the Goff case the

question arose whether an order for a new trial was proper. The trial court set aside an answer on an allegedly wrong premise. It was argued here that on a correct premise the answer was good, a view not concurred in by this court. This court held that the verdict in part was based on the finding which was set aside and therefore there was no error in granting a new trial.

Before discussing the Tritle case, we note that under another division of their brief appellants contend that the answer to special question 7 is supported by the evidence, and that by reason of it they are acquitted of any negligence alleged in the petition and relied on by plaintiff.

In the Tritle case the jury by its answers to special questions had absolved the plaintiff of contributory negligence. When those answers were set aside the trial court rendered judgment against the plaintiff *non obstante veredicto,* in effect finding plaintiff guilty of contributory negligence.

In the instant case, however, the setting aside of the answer to special question 7 did not have the effect of establishing any answer to the question. Were that question the only one submitted bearing on the question of negligence, it might well be said that plaintiff had failed to prove any ground of negligence alleged in her petition. However, the petition, among other things, alleged defendant's driver was negligent in driving on the left side of the road, in attempting to pass the car ahead of him when plaintiff's car was about to pass, and in failing to keep a lookout on the road ahead to avoid running into plaintiff's car. It seems idle to say that the answers to special questions 2 and 6 do not find him guilty of such negligence. A similar contention was considered in *Tritle v. Phillips Petroleum Co.,* supra, where it was held:

"The fact that a jury, in answer to a special question upon what negligence it based its verdict, stated one kind of negligence, does not preclude reliance on another ground of negligence alleged in the petition and fairly included in answers to other special questions submitted." (Syl. ¶ 3.)

The result is that even though the answer to special question 7 is set aside, there are present answers finding defendants guilty of negligence charged in the petition. And there being no question they are not supported by the evidence, no reason appears why judgment should not have been, as it was, for plaintiff.

Appellants' contention they should have had judgment *non obstante veredicto* is based in part on the proposition the trial court erred in setting aside the answer to special question 7 and on the

assumption that that answer finds defendants guilty of willful and wanton conduct, which is inconsistent with and opposed to a claim of actionable negligence. We have heretofore concluded the trial court did not err in setting aside the answer; that the effect of setting it aside did not establish any ground precluding recovery by the plaintiff, hence it follows the trial court did not err in denying the motion for judgment.

The judgment of the trial court is affirmed.