No. 34,777

J. J. MONTAGUE, *Appellee*, v. GILBERT BURGERHOFF, *Appellant*.

(102 P. 2d 1031)

Opinion filed June 8, 1940.

*William J. Wertz, Vincent F. Hiebsch, Forest V. McCalley* and *Milton Zacharias*, all of Wichita, for the appellant.

*Robert C. Foulston, George Siefkin, Sidney L. Foulston, Lester L. Morris, George B. Powers, Carl T. Smith, C. H. Morris* and *John F. Eberhardt*, all of Wichita, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an action to recover damages for personal injuries. Plaintiff prevailed, and defendant has appealed.

The case was here before on an appeal from the order overruling defendant's demurrer to plaintiff's evidence. (*Montague v. Burgerhoff*, 150 Kan. 217, 92 P. 2d 98.) In the opinion it was said:

"Our question is whether it is negligence for a proprietor of a building to knock a man down in such a violent and sudden manner as to injure a third party who is just entering the building on a lawful errand." (p. 220.)

The ruling of the trial court was affirmed on the ground the evidence established a cause of action on the theory of negligence. The

evidence of the plaintiff in the instant case is substantially the same as the evidence of the plaintiff in the former case. The former case was submitted to the jury, but the jury was unable to agree. The defendant then appealed from the order overruling his demurrer to plaintiff's evidence. The evidence of the defendant is substantially the same as in the former case except as to one particular, which will be noted in connection with the special verdict. The present appeal is from the order overruling defendant's motion for judgment *non obstante veredicto,* from an order overruling a motion to require plaintiff to elect upon what theory he would rely for recovery, and from the order overruling defendant's motion for a new trial.

We shall consider the complaints in the order stated. A brief statement of facts, preliminary to the consideration of the special findings, will suffice. The defendant, Burgerhoff, was the proprietor and operator of an ice and cold storage company. He had an employee by the name of Brasier, who delivered ice and made collections for the sale of ice. On the day in question Brasier was under the influence of intoxicating liquor. While Brasier was in that condition he used abusive language toward the defendant in defendant's office and was otherwise boisterous and quarrelsome. As a result of his condition and conduct Brasier was paid for his services and discharged. Brasier remained in the office and continued to argue with the defendant. Brasier was requested to leave the office, but refused to do so. There was evidence defendant threatened to throw him out if he did not leave. Brasier invited the defendant to come out doors. The defendant refused to do so. Eventually defendant assaulted Brasier, pushed him out of the door and onto the cement loading dock. Brasier bumped into the plaintiff who, in keeping with past practices, had come to defendant's office to make a collection from one of defendant's employees. As a result of the collision plaintiff was knocked down and injured. The door through which plaintiff entered defendant's office was used regularly as an entrance to and as an exit from defendant's office by persons having business to transact with the defendant and with defendant's employees. It was determined in the former action that plaintiff was at least a licensee upon the premises.

In the instant case the trial court instructed the jury on the subject of assault. The jury was advised concerning the amount of force defendant was legally justified in employing in order to evict Brasier from this office. The court also instructed on the subject

of defendant's negligence toward third persons who might be entering the door to defendant's office. In that connection the court instructed the jury relative to defendant's duty to exercise due or ordinary care toward third persons who might be entering his place of business. We need not examine the instructions. Defendant interposed no objections to any of them and they became the law of the case. The real issue now is whether the verdict can be sustained on the ground of defendant's negligent conduct toward the plaintiff. In answer to one of the special questions the jury found defendant had assaulted his employee and in finding number 3 it, in effect, determined the negligence of the defendant toward the plaintiff. In order to clearly present defendant's first contention it is necessary to examine all the special findings, which were as follows:

"1. Do you find that Burgerhoff committed an assault or a battery upon Elmer Brasier at the time and place in question? A. Yes—Assault.

"2. Could Montague, immediately prior to the accident, have reasonably foreseen that Elmer Brasier might be knocked or shoved or might run out of the doorway and bump into Montague? A. No.

"3. Could Burgerhoff, immediately prior to the accident, have reasonably foreseen that some one might be standing on the dock outside the entrance in a position to be injured by an object thrown or shoved or moving out through the entrance and onto the dock? A. Yes.

"4. Would an ordinary, reasonable, prudent person, under similar circumstances, have conducted himself towards Brasier as did Burgerhoff at the time in question? A. Yes.

"5. Was the conduct of Brasier such as would justify an ordinary, reasonable, prudent person doing what Burgerhoff did to Brasier at the time of the accident? A. Yes.

"6. Did Burgerhoff actually push or strike Brasier? A. Push.

"7. Was the method used by Burgerhoff in seeking to eject Brasier from the premises limited to that reasonably calculated to accomplish that result? A. Yes.

"8. Did Burgerhoff have actual knowledge of the presence of Montague on the premises immediately before the accident? A. No.

"9. Was Montague guilty of any negligence which contributed to his injuries? A. No.

"10. If you answer question No. 9 in the affirmative, state of what negligence Montague was guilty. A.——

"11. Was Burgerhoff guilty of any negligence? A. Yes.

"12. If you answer question No. 11 in the affirmative, then state of what act or acts of negligence Burgerhoff was guilty. A. Carelessness."

It will be observed answers numbered 2 and 9 absolve plaintiff of all contributory negligence. Answer number 3 clearly indicates the jury believed that defendant, in the exercise of ordinary care as

defined by the trial court, could have foreseen that plaintiff might be injured when defendant ejected Brasier. Defendant was, of course, responsible for whatever reasonably could have been foreseen. We now come to that part of defendant's testimony which was not the same in the two trials. In the first trial defendant testified he saw plaintiff at the door. In the instant case he insisted he had not looked at the door at all. The jury had the duty, under the instructions, to determine whether defendant's utter failure to look toward the door, before ejecting his employee, constituted negligence toward the plaintiff. In view of the instructions, we have no doubt whatever that the jury, by answer number 3, resolved the question of negligence against the defendant. There was no motion to set aside that specific finding and this court is obliged, as was the trial court, to accept that finding as conclusive. A motion for judgment on the special findings, of course, concedes the findings are supported by the evidence. (*Witt v. Roper*, 149 Kan. 184, 187, 86 P. 2d 549.) It is true finding number 8 shows defendant had no actual knowledge of plaintiff's presence immediately before the accident. Finding number 8, however, is not inconsistent with finding number 3, nor with the general verdict. Manifestly, if defendant did not look toward the door at all, he did not see the plaintiff, although plaintiff, according to his testimony, was in plain view. Finding number 8 did not relieve defendant of his duty to exercise reasonable care and precaution toward third persons who might be entering, or who were about to enter, his place of business on a lawful and permissible errand.

Defendant insists answer number 12 was not responsive and specifies no definite act of negligence. Numerous decisions of this court are cited in which such an answer, when standing alone, has been held insufficient to support a general verdict. We adhere to those decisions. They need not be reviewed. Their soundness is conceded by plaintiff. Answer number 12 is not inconsistent with the general verdict and defendant did not ask to have the jury make it responsive and definite. It is true finding number 12 is not a finding of specific negligence. But does that fact, in view of other findings, require judgment for defendant? We think not. As heretofore stated, the jury had previously made a specific answer, finding number 3, which clearly indicated defendant's negligence. The negligence disclosed by that finding supports the verdict in this case. Under such circumstances we would not be justified in setting

aside the general verdict by reason of answer number 12. (*Tritle v. Phillips Petroleum Co.,* 140 Kan. 671, 37 P. 2d 996; *Jacobs v. Hobson,* 148 Kan. 107, 110, 79 P. 2d 861; *Witt v. Roper,* 149 Kan. 184, 190, 86 P. 2d 549.) Special findings must be harmonized with each other and with the general verdict where it is reasonably possible to do so. (*Leinbach v. Pickwick-Greyhound Lines,* 138 Kan. 50, 58, 23 P. 2d 449; *Jordan v. Austin Securities Co.,* 142 Kan. 631, 51 P. 2d 38.) Here we have no difficulty harmonizing them.

Defendant urges plaintiff did not plead the negligence relied upon now. The contention is not well taken. The petition sufficiently pleaded the facts and circumstances out of which the injury arose. It was sufficient to sustain a verdict rendered on the ground of negligence. In *Hackenberger v. Travelers Mutual Cas. Co.,* 144 Kan. 607, 62 P. 2d 545, this court had occasion to distinguish between assault and battery and negligence. The modern authorities were there reviewed and it was emphasized that under these authorities the first element of battery was that of intentional injury or an act performed under such circumstances that injury to a third person is substantially certain to be produced. Concerning negligence it was then said:

"The Restatement, Torts, defines 'negligent conduct' thus: 'Negligent conduct may be either: (*a*) an act which the actor as a reasonable man should realize as involving an unreasonable risk of causing an invasion of an interest of another, or (*b*) a failure to do an act which is necessary for the protection or assistance of another and which the actor is under a duty to do.' (§ 284.)" (p. 611.)

In the instant case the trial court expressly instructed upon the subject of negligence embraced in finding number 3. No objection was made to any of the instructions and they became the law of the case. (*Burns v. Hunter,* 126 Kan. 736, 271 Pac. 398; *Jones v. A. T. & S. F. Rly. Co.,* 148 Kan. 686, 695, 85 P. 2d 15; *Blankenship v. City of Caney,* 149 Kan. 320, 329, 87 P. 2d 625.)

Defendant further contends findings numbered 4, 5 and 7 relieve him of liability. Those findings might well have that effect if this was an action against the defendant by his employee Brasier. This is not such an action. In the instant case those particular findings pertain only to what constituted, in the opinion of the jury, justifiable conduct on the part of the defendant toward Brasier, and do not purport to relieve defendant from his duty of exercising reasonable care toward third persons who might properly be entering his place of business. The subject of defendant's liability for negligence

toward the plaintiff was treated in the previous case and need not be repeated here. (See authorities cited pp. 223, 224.)

Defendant further contends the trial court erred in overruling his motion lodged at the beginning of the lawsuit and again at the conclusion of plaintiff's evidence to require plaintiff to elect whether he would rely upon the theory of transferred assault or upon the theory of negligence. It may be noted that defendant did not attack the petition by motion to separately state and number the alleged separate causes of action. On the contrary he filed an answer. Assuming, without deciding, that inconsistent causes of action were in fact pleaded, the contention is immaterial now. The trial court instructed the jury upon both theories. As previously stated, no objection was made to the instructions and they became the law of the case. The jury was therefore warranted, without defendant's objection, in finding defendant liable upon either theory. The jury determined he was liable on the theory of negligence.

The contention relative to the overruling of defendant's motion for a new trial pertains to subjects previously discussed. In view of the record, we would not be justified in reversing the judgment. The judgment is affirmed.