No. 34,883

RALPH HANEY, *Appellee*, v. J. H. CANFIELD, *Appellant*.

(106 P. 2d 662)

Opinion filed November 9, 1940.

*W. L. Cunningham, D. Arthur Walker* and *Wm. E. Cunningham*, all of Arkansas City, for the appellant.

*Earle N. Wright* and *Donald Hickman*, both of Arkansas City, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an action to recover damages for personal injuries.  Plaintiff recovered, and defendant appeals.

Appellant first contends the jury's sole finding of negligence was outside the issues.

Appellee was employed by defendant, a farmer, to assist in the

completion of a water well which was then about fifty feet deep. Previously a hole in the bottom of the well had been tightly plugged to prevent water from entering. At the time of the injury plaintiff was in the bottom of the well endeavoring to fasten a hook or spear into sacks and packing which plugged the hole. The hole had been so securely plugged that the first hook bent. A larger one was obtained and fastened into the plug. The windlass was of home make. A crank was fastened to only one end of the axle. The one crank did not afford sufficient power to dislodge the plug. While appellee was in the bottom of the well appellant fastened a large wrench to the other end of the axle. When appellant and his son-in-law applied the power to both ends of the windlass the plug was dislodged. Appellant was operating the wrench. When the plug was dislodged appellant fell backwards and lost his grip on the wrench. The wrench fell into the well and struck appellee on the head. There is no dispute concerning the extent of the injuries. The special findings of the jury were:

"1. Did the plaintiff, Ralph Haney, know just prior to the accident that there was only one crank on the windlass? A. Yes.

"2. Did the plaintiff, Ralph Haney, know just prior to the accident that the defendant, J. H. Canfield, was using a wrench as a crank on the windlass? A. No.

"3. Do you find that any negligent act or acts of the defendant Canfield was or were the proximate cause of the injuries sustained by the plaintiff? A. Yes.

"4. If you answer the last above question yes, then state the particular act or acts which was or were the proximate cause of plaintiff's injuries. A. Using an improper tool as a crank on the windlass.

"5. Were plaintiff's injuries caused by an unavoidable accident as in these instructions defined? A. No."

Appellant moved to strike only finding number two, and upon the ground it was not supported by the evidence and was contrary to the testimony of appellee. The finding was based on conflicting evidence. The motion was overruled and it is not now urged the ruling constitutes reversible error.

Appellant's motion for judgment *non obstante veredicto* was next overruled. He asserts that ruling constitutes reversible error for the reason finding number four was outside the issues. He also argues that since his motion to require paragraph six of the petition to be made definite and certain (touching one act of negligence), was successfully resisted, the entire petition must be strictly construed. Prior to the ruling on the latter motion appellee was granted

leave to amend paragraphs three and six of the petition against which paragraphs only the motion was leveled and thereafter the motion was overruled. Paragraph six, after amendment, read:

"6. That the defendant failed to provide the plaintiff with a safe place in which to work, and the defendant failed to exercise ordinary care, prudence and caution in the operation of said windlass, and carelessly and negligently operated, managed and controlled the said windlass; *in that he permitted the said wrench to slip out of and fall from his hands from off the end of the said windlass into the well.*" (Italics supplied.)

Appellant insists appellee restricted the negligence to the italicized allegations in paragraph six, and therefore the negligence found by the jury is outside the issues. One of the difficulties with the contention is the jury probably had in mind that the reason the wrench slipped out of appellant's hands and struck appellee was that the wrench was not a proper tool to use instead of a regularly fastened handle, and that this was especially true when endeavoring to pull out a plug which might be dislodged suddenly and cause the wrench to be jerked out of appellant's hands and fall off the axle of the windlass. That interpretation of finding number four is in nowise inconsistent with the general verdict. In fact, it is entirely consistent with the general verdict. Courts are always required to reconcile and harmonize special findings with each other and the general verdict where reasonably possible to do so, and it is not their business to be astute in endeavoring to discover conflicts between findings or between findings and the general verdict. (*Leinbach v. Pickwick-Greyhound Lines,* 138 Kan. 50, 58, 23 P. 2d 449; *Coffman v. Shearer,* 140 Kan. 176, 179, 34 P. 2d 97; *Cooper v. Kansas City Public Ser. Co.,* 146 Kan. 961, 73 P. 2d 1092.) We need not, however, base our conclusion solely upon that theory. While appellee did not in specific words charge the wrench was an improper tool, he did in substance plead in paragraph five that: The windlass was defective and worked hard; it had only one handle and the one handle did not afford sufficient leverage with which to raise and lower things which it was necessary to raise or lower into the well; defendant placed a wrench on one end of the windlass to make it work more successfully.

Appellant did not move to have paragraph five made definite and certain by stating in what the defect of the windlass consisted. In view of the failure to attack the manner in which negligence was charged in paragraph five, it cannot be said that paragraph must be

strictly construed in determining whether finding number four was within the issues.

The jury specifically found appellant was guilty of negligence. We think it reasonably clear the jury intended, by finding number four, to say defendant's windlass was defective by reason of the fact a wrench was used as a crank on the windlass instead of a regularly fastened handle. The finding so interpreted is reasonable and brings the finding fairly within the issues joined. The answer denied the windlass was defective. The instructions embraced the allegations of a defective windlass substantially as pleaded. No objections were interposed thereto and they became the law of the case. (*Hogan v. Santa Fe Trail Transportation Co.*, 148 Kan. 720, 725, 85 P. 2d 28; *State v. Myers*, 152 Kan. 56, 59, 102 P. 2d 1023.)

We also observe appellant did not move to set aside finding number four on the ground it was unsupported by evidence or that it was outside the issues or for any other reason. Defendant in that motion attacked only finding number two. Since there was no objection to the instructions and they became the law of the case, we need not, in considering the ruling on the motion for judgment *non obstante veredicto*, dwell upon the question whether there was evidence to support finding number four. Moreover, for the purpose of testing a ruling on a motion for judgment *non obstante veredicto*, that motion ordinarily concedes there was evidence to support the special findings. (*Webb v. City of Oswego*, 149 Kan. 156, 162, 86 P. 2d 553; *Witt v. Roper*, 149 Kan. 184, 187, 86 P. 2d 549; *Eldredge v. Sargent*, 150 Kan. 824, 829, 96 P. 2d 870; *Lewis v. Dodson*, 151 Kan. 632, 635, 100 P. 2d 640; *Montague v. Burgerhoff*, 152 Kan. 124, 127, 102 P. 2d 1031.) In the instant case the concession is absolute and complete.

In addition to what has been said we observe the wrench was introduced in evidence and examined by the jury without objection. It must have been introduced and examined for a purpose. We must assume the purpose was to ascertain whether the wrench was a proper tool to use as a crank and whether the windlass when used with a wrench instead of a regularly fastened handle, was defective. The jury by its special findings and general verdict resolved that issue against appellant. We think finding number four was fairly within the issues. In view of this conclusion it is unnecessary to consider various cases in which the finding of negligence exonerated defendant of negligence pleaded.

Appellant's second contention is finding number four was insuf-

ficient to support the verdict. In support of that contention it is urged there was no evidence defendant knew or should have known the wrench was an improper tool. No objection to the introduction of the wrench in evidence was made upon the theory defendant had not been charged with knowledge or notice of the fact the wrench was an improper tool. In fact, no objection, upon any theory, was made to its introduction in evidence or to its examination by the jury. No objection was made to instructions given and no special or more complete instructions were requested on the subject of a defective windlass or on the subject of knowledge or notice that the wrench was an improper tool. It was not urged on motion for a new trial the instructions were faulty or insufficient, as no such motion was filed. Defendant did not seek a new trial by reason of any trial error. He sought rendition of an outright judgment in his favor on the special findings. In view of the record he was not entitled to judgment *non obstante veredicto*.

The judgment is affirmed.