No. 34,807

CLARA CHAPMAN, *Appellee*, v. BERT TICEHURST, doing business as THE KAW VALLEY OIL COMPANY, *Appellant*.

(110 P. 2d 785)

Opinion filed March 8, 1941.

*F. J. Rost* and *Tinkham Veale*, both of Topeka, for the appellant.

*Edward Rooney* and *Jacob A. Dickinson*, both of Topeka, for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action to recover the purchase price of personal property sold by plaintiff to defendant. The cause was tried by a jury, which found in favor of plaintiff and answered special questions submitted. The trial court rendered judgment in favor of plaintiff and defendant appeals, specifying errors which

are presented under five general headings in his brief. Our statement of pleadings and of matters occurring at the trial is limited to those necessary to discuss the contentions presented.

A brief review of the pleadings discloses that plaintiff's petition alleged that she was the owner of certain equipment used in operating an automobile tire and service station in Topeka, and that on October 26, 1938, defendant, being desirous of purchasing the equipment, orally agreed with Lawrence J. Richardson, the agent and attorney of plaintiff, to purchase the same, agreeing to pay therefor the sum of $1,500, payable upon plaintiffs furnishing defendant a bill of sale and a release of a chattel mortgage; that in pursuance of the agreement, and on October 26, 1938, Richardson, as agent and representative of plaintiff, delivered the equipment to defendant, who has ever since used the same; that about November 26, 1938, plaintiff tendered defendant a bill of sale and a release of the chattel mortgage and demanded payment of the sum of $1,500, but defendant refused to accept the bill of sale and release of the mortgage or to pay the purchase price or any part thereof.

Defendant's answer consisted of a general denial, made certain immaterial admissions and denied he had made any contract to purchase the equipment; that he had received an offer from Glenn Chapman and Harold Chapman, who claimed to be owners; that he had been informed the title to the equipment was impaired and that he had advised Glenn Chapman and Harold Chapman and their attorney, Lawrence Richardson, that if they could perfect their title to his satisfaction he would consider purchase, if he could procure a certain real-estate lease; that the title was never perfected and that he never entered into a contract with them or the plaintiff for the purchase of any part of the equipment. By a cross petition defendant sought to recover rentals by reason of the equipment being left on real estate which was leased to him. To this answer was attached a form of verification which stated defendant had read the statements, allegations and denials contained in the answer and cross petition, and the same were correct and true.

The first contention made by appellant is that the trial court erred in instructing the jury that the allegation of the agency of Richardson for plaintiff was admitted. In that connection our attention is directed to the pleadings, and it is insisted that under the rule of *Caple v. Drew*, 70 Kan. 136, 78 Pac. 427, the agency was sufficiently denied. We shall not labor with the form of the veri-

fication or its sufficiency. There was written evidence of plaintiff to Richardson directing him to look after her interests. There was also some oral evidence, the competency of which has been questioned. In addition, under date of December 8, 1938, the defendant caused to be served a notice to "Clara Chapman, through her agent and attorney, Lawrence Richardson" and others, directing them to remove the equipment from his premises. Although there was dispute in the evidence as to when defendant was informed of the agency, there was no denial of it, and the trial court did not err in the instruction.

The second contention is that appellant was entitled to have his defense submitted to the jury on his requested instructions and that the instructions as given failed to present his defense adequately and fairly. The record shows that two instructions were requested, but at no place is there any showing that any objection was made to the instructions given. In a reply brief appellant says he did object orally, concedes the record is silent that any objection was made, and then says the instructions were not such as to require record exceptions at the time they were given. Thus again is presented a situation where our discussion of points argued may be unfair to the trial court. We have examined the two requested instructions, one of which includes the plaintiff's claims and the burden of proof in connection therewith; the other includes defendant's claims as to conditions to be met by plaintiff before a sale was consummated, and unless plaintiff proved such consummation, verdict could not be for her. We have compared these requested instructions critically with those given and are of opinion the instructions given included the essential elements of those requested, and that it may not be said that appellant's contentions were not fairly presented to the jury, nor that undue stress was laid on plaintiff's claims. The instructions as a whole made it clear plaintiff had to prove her case by preponderance of the evidence before she could recover.

Although the pleadings made no mention thereof, during the course of the trial it developed that plaintiff obtained her title to the property sold by foreclosing a chattel mortgage which she held. One of appellant's attorneys was skeptical because some third person said the mortgage was "phoney" and because one of the mortgagors said they had received a series of small amounts from time to time to make up the total of the note secured by the chattel

mortgage. There was no evidence that any person, in a position to do so lawfully, had ever attacked the validity of the mortgage. In the sixth instruction reference was made, without specification of any of the details noted, to the situation and the jury was advised to consider the mortgage as valid between the parties. In the seventh instruction the court advised the jury the mortgagee of personal property was vested with the legal title and the right of possession in accordance with the terms of the mortgage and if it found from the evidence the mortgagors had surrendered possession to the mortgagee, then as between them the latter had good title and the right to dispose of the property to whom she saw fit. The objection to the sixth instruction is that it fails to present appellant's theory. It must suffice to say the theory is not based on the evidence. The contention as to the seventh is that it was erroneous and prejudicial, but the argument again turns on a theory which finds no support in the evidence.

Complaint is also made of the twelfth instruction, that during the trial reference had been made to plaintiff's failure to comply with the bulk-sales law; that appellant had failed to sustain his contention; that the evidence relating thereto was withdrawn insofar as it relates to the particular issue, etc. For whatever value it was worth, it was shown the mortgagors had given notice to their creditors as required by the bulk-sales law about the time the mortgaged personal property was delivered to the mortgagee. Under *Faeth Co. v. Bressie*, 125 Kan. 425, 264 Pac. 1041, the bulk-sales law does not apply to a sale by the mortgagee.

And finally, objection is made to instruction thirteenth, which stated that during the course of the trial reference was made to a lease executed October 26, 1938, between the landlord and the appellant, and the jury was advised the obligations of the lease were binding only on the actual parties thereto. The complaint is that when the lease was prepared, Richardson, agent of appellee, was present and did not object to a statement embodied in the lease that there was a possibility of the owner of personal property on the premises (appellee) selling same to appellant and appellant agreed not to purchase it unless some unpaid rent was paid to the lessor. It is contended that appellee is bound because her agent did not speak up. Assuming correctness of that claim, if appellant wanted an instruction on that phase of the matter he should have asked for it. The omission of the court to give it did not make the thirteenth instruction erroneous.

Appellant's third contention is that his demurrer to plaintiff's evidence should have been sustained. It is contended there was no contract entered into between appellee and appellant for the sale of the property. That contention is not good. It is also said that there was no proof that Richardson, who negotiated for plaintiff, was her agent. That contention cannot be sustained. No good purpose will be served by setting out plaintiff's evidence disclosing both of the above matters.

The fourth contention of appellant is that the court erred in not submitting certain questions submitted by appellant. The appellant submitted ten questions. We have examined them and compared them with nine which the trial court did submit. Those submitted by the court included, in substance, the interrogatories asked in eight of those requested. The second question asked whether there was an attachment on the property described in plaintiff's petition on November 26, 1938. In view of the fact that under the pleadings plaintiff had to prove a sale as of about October 26, 1938, and that appellant went into possession, failing which she could not recover, it became immaterial whether there was an attachment a month later. The third question asked was whether all creditors of Chapman Brothers, the mortgagors, mentioned in their affidavits, were paid on October 26, 1938. The question asked for information outside the issues, and not conclusive in any event. There was no showing that any person, creditor or otherwise, had any claim on the mortgaged personal property superior to that of the mortgagee, who had reduced it to her possession.

And, finally, appellant contends he was entitled to judgment on the special questions. The motion for such judgment concedes that the answers are supported by the evidence. Those answers compel a judgment contrary to the general verdict only when they or some of them are inconsistent or not reconcilable with the general verdict. If the answers are consistent with each other and reconcilable with the general verdict, the general verdict must stand. (See *Witt v. Roper*, 149 Kan. 184, 186, 187, 86 P. 2d 549; *Montague v. Burgerhoff*, 152 Kan. 124, 127, 128, 102 P. 2d 1031, and cases cited.) The point pressed by appellant is that by one answer the jury found the sale was made "a few days prior to October 26, 1938," but by another that he did not know until about November 1, 1938, that plaintiff claimed to be the exclusive owner of the property. It

is argued that this shows appellant dealt with an undisclosed principal, and as the transaction was not ready to close until the bill of sale was tendered about November 26, 1938, in the meantime he had a right to refuse to deal, as he did when the bill of sale and release of the mortgage were tendered him and he refused to complete the transaction. We need not review authorities cited on the point that one may choose with whom he contracts. The specific questions and answers on which the argument is predicated were:

"8. Was the defendant advised at any time that the plaintiff, Clara Chapman, claimed to be the exclusive owner of the personal property in question? A. Yes.

"9. If you answer the last foregoing question in the affirmative, then state (a) the date thereof, and (b) by whom he was so advised. A. (a) On or about November 1, 1938; (b) Lawrence Richardson, attorney for plaintiff."

It will be noted the question did not ask whether appellant knew who Richardson represented. The first question asked was:

"Was a contract for the purchase . . . entered into between Lawrence J. Richardson as agent and attorney for the plaintiff, Clara Chapman, and the defendant, Bert Ticehurst? A. Yes."

and by another answer, the date thereof was "a few days prior to October 26, 1938." We think the particular answers relied upon by appellant do not support his contention, but, on the contrary, that the answers are consistent with each other and with the general verdict, and that the trial court did not err in denying appellant's motion for judgment on the answers to special questions.

We have treated each of appellant's contentions of error, none of which is sustained. This was a case where there was sharp dispute of the fact as to whether or not a contract of sale and purchase had been made between appellee and appellant. That dispute has been resolved by the jury in favor of appellee, and the trial court has entered judgment thereon.

The record discloses no reversible error, and the judgment of the trial court is affirmed.