No. 35,626

F. M. Sayeg, *Appellee*, v. Kansas Gas & Electric Company and Ruth Derrington, *Appellants*.

(131 P. 2d 648)

Opinion filed December 12, 1942.

*Arnold C. Todd* and *Kurt Riesen*, both of Wichita, were on the briefs for the appellants.

*I. H. Stearns* and *E. P. Villepigue*, both of Wichita, were on the briefs for the appellee.

The opinion of the court was delivered by

Hoch, J.: This is an automobile collision case. Judgment was for the plaintiff. Defendants moved for judgment on the jury's answers to special questions, notwithstanding the general verdict. The motion was overruled, and defendants appeal.

The collision occurred at the intersection of Kellogg and Main streets in Wichita, Kan. The car which plaintiff, Mrs. F. M. Sayeg, was driving collided with a car owned by the Kansas Gas & Electric Company which was being driven by one of their employees, Ruth Derrington. The plaintiff sought recovery in the total sum of $7,500, covering personal injuries, loss of business and car damage. The jury returned a verdict allowing her $100 for loss of earnings, $150 for pain and suffering and personal injuries, and $113.50 for damage to her car. The court, on motion of defendants, struck out the item of $100 for loss of earnings, and gave judgment for $263.50. The jury answered special questions as follows:

"1. As the Sayeg car approached the intersection, how far north up Main street could a person in the car have seen approaching vehicles, if she had looked, from—

"(a) 50 feet east of the east line of Main street? A. 150 feet.

"(b) Ten to 15 feet east of the east line of Main street? A. 400 feet.

"(c) Just as plaintiff entered the intersection? A. Several blocks.

"2. Did Mrs. Sayeg look for cars approaching the intersection from the north? A. She looked but evidently did not see car approaching.

"3. Did she see the Derrington car approaching? A. No.

"4. Was there anything to prevent Mrs. Sayeg from seeing the Derrington car as it approached? A. *No.*

"5. Was Mrs. Sayeg guilty of negligence? A. *Yes, to some extent.*

"6. If you answer the foregoing question in the affirmative, state in what regard. A. *By failing to observe approaching car in time to void accident.*

"7. How fast was the Sayeg car traveling as it entered the intersection? A. Twelve miles per hour:

"8. How fast was the car Mrs. Derrington was driving traveling as it entered the intersection? A. Twenty to 25 miles per hour.

"9. Was the defendant, Ruth Derrington, guilty of negligence in any respect? A. *Yes, to some extent.*

"10. If you answer the foregoing question in the affirmative, then state in detail what constituted such negligence. A. *Failing to yield right of way to car in intersection.*"

Various statements are made, in the briefs for both parties, as to what the evidence was on certain points. But we cannot go into the evidence, not only because no abstract of the evidence is here, but because a motion for judgment on special findings notwithstanding the general verdict admits that the answers are supported by the evidence (*Witt v. Roper,* 149 Kan. 184, 187, 86 P. 2d 549, and cases there cited). The sole question before us is whether, by its answers, the jury found the plaintiff guilty of contributory negligence.

We conclude that appellants' contention must be upheld. The jury found that both plaintiff and defendants were guilty of negligence "to some extent." (Answers 5 and 9.) In the case of the defendant, Ruth Derrington, the jury found that the negligence consisted of "failing to yield right of way to car in intersection." (No. 10.) In the case of the plaintiff the negligence consisted of "failing to observe approaching car in time to void accident." (No. 6.) The jury found that the plaintiff entered the intersection at the rate of 12 miles an hour; that if she had at that time looked for cars approaching from the north she could have seen an approaching car "several blocks" away and if she had looked when fifteen feet from the intersection she could have seen a car four hundred feet away; that there was nothing to prevent her from seeing the defendants' car as it approached and that she looked but "evidently did not see car approaching." From these answers the conclusion is inescapable that the collision would not have occurred except for the negligence

of both parties. It is argued that the appellee had a right to assume that the car approaching from the north would yield the right of way, until she had knowledge that it was not going to do so. Counsel says that "it was merely stated by the jury that the plaintiff failed to observe the approaching car in time to have avoided the accident. In other words, the jury found that there was nothing the plaintiff could have done to have avoided the accident." We do not so read the answers. The jury not only found that the plaintiff failed to see the approaching car in time, but that she was negligent in failing to do so. The finding is clear that she could have avoided the accident if she had not been negligent. Appellee's argument appears somewhat to be based upon an appraisal of the relative degrees of negligence of the opposing parties. Whatever may be said for or against the doctrine of comparative negligence, it has not been recognized in this state. (*Koster v. Matson,* 139 Kan. 124, 128, 30 P. 2d 107.)

When the special findings of a jury cannot be reconciled with the general verdict, the former must prevail as against the latter. (G. S. 1935, 60-2918; *Hiler v. Cameron,* 144 Kan. 296, 59 P. 2d 30; *Craig v. Sturgeon,* 151 Kan. 208, 98 P. 2d 139; *Ruff v. Farley Machine Works Co.,* 151 Kan. 349, 99 P. 2d 789.)

It follows from what has been said that the trial court erred in not sustaining the motion of the defendants for judgment on the answers to the special questions. The judgment is reversed with directions to enter judgment for the defendants.