No. 35,844

WAYNE L. HARSHAW, *Appellee,* v. KANSAS CITY PUBLIC SERVICE COMPANY, *Appellant.*

(139 P. 2d 141)

Opinion filed June 12, 1943.

*J. O. Emerson,* of Kansas City, argued the cause, and *Fred Robertson, Edward M. Boddington,* both of Kansas City, and *Charles L. Carr,* of Kansas City, Mo., were on the briefs for the appellant.

*Thomas H. Finigan,* of Kansas City, argued the cause, and *William H. McHale,* of Kansas City, was on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action for damages sustained in a collision between plaintiff's automobile and defendant's bus. Judgment was rendered for plaintiff, and defendant appeals.

This is the second appearance of this case in this court. On a previous trial plaintiff recovered a judgment which was reversed on appeal. (See *Harshaw v. Kansas City Public Ser. Co.*, 154 Kan. 481, 119 P. 2d 459.) In that opinion the facts concerning the time and place of the collision, and the issues as disclosed by the pleadings are set forth and are made a part hereof by reference.

At the close of the second trial the jury returned a verdict for the plaintiff and answered special questions, only the following of which need be set forth.

"1. How far was the rear end of the bus from the east curb when the vehicles stopped after the collision? A. 3 to 4 feet.

"2. Do you find from a preponderance of the evidence that the defendant's bus driver was guilty of any negligence at the time of or just before the collision of vehicles? A. Yes.

"3. If you answer question No. 2 in the affirmative, then state specifically any act or acts of negligence on the part of the defendant's bus driver. A. Driving at an excessive rate of speed. Not observing driving condition of said street.

"8. When the bus came north on Rainbow Boulevard, after starting down the hill, where was its left side and wheels with reference to the center of the street? A. Near center of thoroughfare.

"9. At what rate of speed was the bus traveling north down the hill? A. Approximately 40 miles per hour.

"11. When the auto which plaintiff was driving was going south on Rainbow, where was its left side and wheels with reference to the center of the street? A. Near center of thoroughfare.

"13. Did the plaintiff just before the collision turn his automobile across the center line of the boulevard over into the east lane of traffic? A. No.

"14. Did the operator of defendant's bus just before the collision turn the bus across the center line of the boulevard over into the west lane of traffic? A. Yes."

Immediately upon the return thereof into court, plaintiff moved the court to require the jury to make its answer to question No. 3 more definite, and the motion being allowed, the jury retired and later returned the following answer:

"Driving at an excessive rate of speed. Not observing rough condition of Rainbow boulevard near the place of collision."

Thereafter defendant filed two motions, one for judgment on the

special findings, the other for a new trial and to set aside all answers returned except that to question No. 1. The trial court denied the motions, and rendered judgment for plaintiff, and defendant appeals, specifying errors in many particulars which are treated in its brief under four headings which will be noticed in the order presented.

In a preliminary way we note that in the briefs are many references to what the testimony showed and what occurred at the first trial. We have no doubt but that, so far as the same may have been developed at the second trial, the jury was adequately advised as to any discrepancies there may have been in the testimony of witnesses, and duly considered the same in reaching their verdict and in answering the special questions. Conduct of counsel at the former trial is not important to a disposal of this appeal and we shall not comment thereon. Our opinion is limited to what took place at the second trial.

Appellant's first contention is that it was entitled to judgment on the answers to the special questions. Although it has been held repeatedly that such a motion concedes that the evidence supports the findings, e. g.: *Witt v. Roper,* 149 Kan. 184, 86 P. 2d 549, and cases cited; *Webb v. City of Oswego,* 149 Kan. 156, 162, 86 P. 2d 553; *Eldredge v. Sargent,* 150 Kan. 824, 829, 96 P. 2d 870; *Behymer v. Milgram Food Stores, Inc.,* 151 Kan. 921, 922, 101 P. 2d 912; *Montague v. Burgerhoff,* 152 Kan. 124, 127, 102 P. 2d 1031; *Haney v. Canfield,* 152 Kan. 597, 600, 106 P. 2d 662; *Sayeg v. Kansas Gas & Electric Co.,* 156 Kan. 65, 66, 131 P. 2d 648; appellant argues at length that the answer to question No. 3 is not supported by the evidence. Under the above decisions appellant cannot be heard to deny the answers are supported by the evidence and that phase of his argument needs no further attention here. The gist of the remaining part of the contention is that when the jury was asked to specify items of negligence and did so, it amounted to an acquittal of the defendant as to other grounds charged. Substantially the same contention was made on substantially the same answers to special questions on the first appeal and was not sustained. (See *Harshaw v. Kansas City Public Ser. Co.,* supra, 483, 484.) What is there said will not be repeated here. The appellant was not entitled to judgment on the answers to the special questions.

It is next contended that the true facts as to how the accident occurred and defendant's negligence in respect thereto were not

shown with sufficient clarity to permit the judgment to stand. Taking as a basis the sixth subdivision of the syllabus of the opinion of this court on the first trial, and the corresponding part of the opinion that the evidence didn't clearly disclose how the accident occurred nor clearly establish defendant's negligence, appellant reviews the evidence and particularly the testimony of the plaintiff and argues that the evidence at the trial now under consideration is subject to the same condemnation. To reach that result, appellant contends the plaintiff was impeached by his own testimony and outside of his testimony there was no evidence the bus, being driven at forty miles an hour, struck a rough place in the street, then wobbled and got over on the wrong side of the street. Primarily the question of what testimony was to be believed and what weight was to be put on it was for the jury. We have read the record as presented by the abstract and counter abstract, and discern therefrom that appellant's assumption of what the evidence shows ignores evidence of witnesses other than the plaintiff. One of defendant's witnesses testified that there was a washboard or rough place in the street which the bus passed over just before the accident and that the bus was on the left side of the street when it struck plaintiff's automobile. Whatever may have been the situation at the first trial, the evidence at the trial now under consideration was sufficient to show how the accident occurred and to clearly establish defendant's negligence in respect thereto.

The next contention is that the verdict was excessive and must have included loss from eccentric dancing or hospital and doctor's bills, neither of which was properly allowable. Taking up, first, hospital and doctor's bills, it may be observed the trial court instructed the jury that no evidence had been produced thereon and they could not make any allowance therefor. Although defendant asked special questions, none was asked as to items of damages allowed, and we have before us only a lump-sum verdict. There is an entire lack of any showing the jury violated or ignored the court's instructions, and we will not assume they did, as we must if appellant's contention as to these items is to be sustained. On the question of loss of earnings from eccentric dancing, appellant directs our attention to a similar contention made on the first appeal and the language of the opinion treating thereof (154 Kan. 486) and contends that what is there said is the law of the case. Without attempting to assess blame therefor, it appears from the

record in the present appeal that neither party on the first appeal caused an abstract to be presented in this court showing fully the evidence about earnings and damages, hospital bills, etc., and an accurate and complete statement of the instructions given. It was this lack which contributed largely to the views expressed in the first opinion. In connection with its argument the damages allowed were excessive, appellant pays little or no attention to any pain or suffering, stresses the facial scars as the principal injury sustained, and insists that plaintiff's business was working for the W. P. A. and that his work as an entertainer was no part of his general business for which he was entitled to recover damages. If the premise advanced were correct the conclusion might be sustained. We examine the record, however, to determine what injuries and damages were pleaded in plaintiff's petition and whether the evidence sustains the verdict, and not to see whether there is some evidence which might upset it. The matters shown were within the issues pleaded. There was evidence that plaintiff had been a professional essentric and acrobatic dancer who obtained his engagements through theatrical or other booking agencies. In 1934 he became a dance instructor on a recreation program conducted by the W. P. A. and at the time of the accident he was receiving $58.20 per month from the latter source. His dancing engagements had made him from $75 to $175 per month additional for a period of over two years prior to the accident. As a result of the accident he suffered great pain, his face was permanently scarred, and his back was injured. After the accident he endeavored to give eccentric and acrobatic dancing exhibitions, but the condition of his back prevented and he could no longer do so. The second trial was held almost five years after the date of the accident and what was testified to was facts and events of the past and not speculations as to the future. The evidence supported the verdict. In view of the record we cannot say the amount allowed was excessive.

Under the general title the trial court committed other trial errors and abused its discretion, appellant directs our attention to seven matters. The first consists of technical criticism of two instructions. We can discern no purpose in stating the criticism. The instructions given fairly presented the issues involved and the law applicable. The second is that the trial court abused its discretion in sending the jury back to make its answer to question No.

3. more definite. There was no abuse of discretion, but if there had been it did not affect the result. The answer as first returned was sufficiently definite and was not against the general verdict but could be reconciled with it and the answers to other questions submitted. The third, fourth, fifth and sixth matters mentioned treat of admission or rejection of evidence. Without exposition, we hold the trial court did not err in overruling defendant's objection to plaintiff's testimony concerning his income, or to the admission "for what they are worth" of certain photographs illustrating plaintiff's eccentric dancing. The objection to Doctor Wells' testimony goes to its weight and not its competency. During the examination of the bus driver an objection was sustained to a question whether the bus was traveling at its usual speed. The evidence was produced on motion for a new trial. We think the error, if any, was immaterial. The driver had testified to the speed of the bus and other witnesses for appellant had stated it was traveling at its usual speed. The other objection is that it was error to permit plaintiff's wife to testify she had rubbed liniment on his back following his injury. The testimony may not have proved much, but it was competent. The seventh matter discussed is that plaintiff's testimony shows he was guilty of negligence contributing to the accident. The sole point is that plaintiff saw the bus begin to "wobble and shimmy" when it was fifty feet away and that he didn't turn his car and get out of the way. Testimony which appellant ignores is that when that began the bus was on its side of the street, it then veered and came over into plaintiff's side. Whether plaintiff saw the bus coming in time to avoid the accident, or whether he could then avoid it were fair questions for the jury. The evidence does not permit a conclusion of law that plaintiff was guilty of contributory negligence.

The appellant's specifications of error are not sustained. The judgment of the trial court is affirmed.